## W. A. MᶜCUTCHEN V. ARTHUR B. PURINTON ET AL.

### No. 7280.

1.   **Recitals—Separate Property of Wife.**—A deed to a married woman recited that the consideration was paid out of her separate property, and that the land was conveyed to her as her separate property. The land was subsequently sold under execution against the husband. *Held*, that the recitals removed the statutory presumption that the property bought during coverture is community property.

2.   **Same.**—If such recitals were untrue, and the payment was in fact made with community funds, evidence would be admissible to show such fact. In absence of such evidence the recitals will evidence the right of the wife as of her separate property.

APPEAL from Wichita.    Tried below before Hon. P. M. STINE.
No statement is necessary.

*Ashby James* and *Barrett & Eustis*, for appellant.—Property acquired by either husband or wife during the marriage, except by gift, devise, or descent, is presumed to be community property and is subject to execution against the husband, and the burden of proving that it is the separate property of the wife rests upon the parties asserting it.    Rev. Stats., arts. 2852, 2857; Batte v. Beck, 70 Texas, 755; Epperson v. Jones, 65 Texas, 427; Schmeltz v. Garey, 49 Texas, 60; Morris v. Hastings, 70 Texas, 29; Taylor v. Murphy, 50 Texas, 301; 2 Dev. on Deeds, secs. 868, 876.

*Meade & Bomar* and *Hunter, Stewart & Dunklin*, for appellees.—Land conveyed to the wife during coverture, in the absence of any recitations in the deed showing the consideration to have been paid out of her separate estate, or that the conveyance is made for her separate use and benefit, is presumed to be community property, and it devolves upon him who asserts the contrary to prove it; but where the deed recites, that the purchase money is paid out of the wife's separate estate and that the conveyance is made to her separate use and benefit, then the property is *prima facie* the separate estate of the wife, and the burden is upon the party asserting the opposite.    Smith v. Strahan, 16 Texas, 314; Purinton v. Davis, 66 Texas, 455; Kirk v. Nav. Co., 49 Texas, 213; Morrison & Hart v. Clark, 55 Texas, 437.

HENRY, ASSOCIATE JUSTICE.—This was an action of trespass to try title, brought by appellees as heirs of Mrs. M. M. Purinton.

The agreed statement of facts upon which the cause was tried shows, that the land in controversy was acquired by M. M. Purinton on the 2d day of April, 1886, for a valuable consideration, being the sum of $1120; that said M. M. Purinton died on the 17th day of July, 1887, and that plaintiffs are her heirs; that defendant claims the land by virtue of a judgment obtained against W. W. Purinton on the 11th day of November, 1885, and a valid sale under execution made on the 4th day of January, 1887; that at the date of the said judgment, and also at the date said M. M. Purinton acquired said land, she was the wife of the said W. W. Purinton. No evidence was offered to prove that the $1120 purchase money for the land was the separate property of M. M. Purinton.

The deed to M. M. Purinton recites, that the said consideration was paid by her out of her separate property, and that the land was conveyed to her as her separate property.

It is contended by appellants, that as the facts show that the land was conveyed upon a valuable consideration to M. M. Purinton while she was the wife of W. W. Purinton, it must be presumed to have been community property and subject to be sold under execution against the husband, and that to defeat such presumption it was incumbent upon the plaintiffs to prove that the consideration paid was the separate property of the wife.

The questions upon which the case turns are: Do the express recitals of the deed overcome this presumption? Can they be treated as evidence of the source of the consideration?

The deed at least furnishes evidence that was wanting in the cases of Cooke v. Bremond, 27 Texas, 459; Kirk v. Navigation Company, 49 Texas, 215, and the cases that have followed them; all of which indicate that such recitals should be treated as evidence for one purpose at least, and their importance.

We can see no good reason why a deed containing such recitals should not remove the presumption that would exist in favor of the community in their absence, and be given the effect, when uncontradicted or unexplained, of vesting the title according to the terms of the deed. If such recitals are untrue and the payment of the consideration was in fact made with community funds, the evidence thereof would be admissible in a proper case to establish a resulting trust in favor of the community estate, as in other cases where the title is conveyed to one party and the purchase money is paid by another. '

When the husband is solvent, he can convert community property into the separate property of the wife. If he causes a deed for property paid for with community funds to be made to the wife for her separate use and causes the deed to so recite, it would vest the title in the

wife as her separate estate. The husband has the management of both the community property and the separate estate of his wife; and when a deed containing recitals like the one now under consideration is found to have been made during the existence of the marriage, and no evidence is offered to explain or qualify it, the presumption must be indulged that it was made with the knowledge and consent of the husband and for the purpose of making the property the separate estate of the wife. Such transactions may be intended as a fraud upon creditors, and may be attacked upon that ground, but no such issue was made in this case.

The judgment is affirmed.

*Affirmed.*

Delivered May 13, 1892.