## Amelia Kahn v. H. C. Kahn.

No. 933. Decided October 25, 1900.

1. **Wife's Separate Estate—Deed from Husband—Recitals—Parol Evidence.**

Where a deed from husband to wife clearly expressed an intention to make the property conveyed her separate estate—by reciting payment of consideration from her separate funds—parol evidence is not admissible, without proof of fraud or mistake in the insertion of such recitals, to show that the grantor did not intend to convey to her as her separate property. (Pp. 117-119.)

2. **Consideration—Evidence to Defeat Deed.**

The statement in a deed from husband to wife of a consideration received from the wife's separate property is a contractual recital showing the character of the right created, and can not be varied by parol evidence of a different consideration which would make the deed inoperative. (Pp. 119, 120.)

3. **Husband's Deed to Wife—Parol Evidence—Implied Trust.**

The rules permitting the engrafting of parol trusts on legal titles will not permit parol evidence to show the absence, in a deed from husband to wife, of an intent plainly expressed in the deed, in order to raise an implied trust. (P. 120.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Wichita County.

Amelia Kahn sued H. C. Kahn for land of which she recovered a part only, and she appealed. The judgment being affirmed she obtained writ of error.

*J. T. Montgomery,* for plaintiff in error.—The evidence or declarations of a grantor made after the execution and delivery of a deed are not admissible to impeach the title of the vendee, or to show that the deed was to have any effect other than that given it by law. Wallace v. Berry, 83 Texas, 331; Smith v. Gillum, 80 Texas, 127; Thomas v. Herring, 27 Texas, 127; Pierce v. Wimberly, 78 Texas, 190; Beeville v. Jones, 74 Texas, 151.

The motive or intention of a grantor in a deed in making same can not be testified to by him to change the legal effect of the deed. Caffrey v. Caffrey, 38 S. W. Rep., 585; Railway v. Jones, 82 Texas, 161; Bruner v. Strong, 61 Texas, 555; McCartney v. McCartney, 53 S. W. Rep., 389; Lott v. Kaiser, 61 Texas, 672; Heffron v. Cunningham, 76 Texas, 319; Railway v. Pfeffer, 56 Texas, 67; Railway v. Garrett, 52 Texas, 137; Jones on Ev., sec. 167; Byars v. Byars, 32 S. W. Rep., 925.

The effect of a deed from the husband to the wife is to vest the title to property conveyed in her as her separate property, and it is error, in a contest between the husband and wife as to the property conveyed, to tell the jury that same shall be regarded as community unless the contrary is satisfactorily proven. Lewis v. Simon, 72 Texas, 470; Callahan v. Houston, 78 Texas, 494; DeGarca v. Galvan, 55 Texas, 53; Swearingen v. Reid, 2 Texas Civ. App., 367; Hunter v. Hunter, 45 S. W. Rep., 821.

It is the duty of the court to tell the jury the legal effect of a deed admitted in evidence, and it is error to refuse to do so and submit the question to the jury.

That the effect of the deed was to make it the plaintiff's separate property: Lott v. Kaiser, 61 Texas, 668; Lewis v. Simon, 72 Texas, 475; Swearingen v. Reid, 2 Texas Civ. App., 367; Gallaher v. Houston, 78 Texas, 494; De Garcia v. Galvan, 55 Texas, 53; Railway v. Pfeuffer, 56 Texas, 71; Heffron v. Cunningham, 52 Texas, 138.

That it was the duty of the court to tell the jury the effect of the deed: Beaumont Pasture Co. v. Cleveland, 26 S. W. Rep., 93.

A secret intention of the grantor that a deed shall not be effective according to its terms will not control the legal effect of the deed. Jones on Ev., sec. 167, and authorities cited in note 5; Swearingen v. Reid, 21 S. W. Rep., 383; Scott v. Kaiser, 61 Texas, 669.

Where a deed conveying the property to a wife recites payment of purchase money out of her separate estate, the title is prima facie vested in her as her separate estate, and the burden of proof is on the opposite party to show the contrary. McCutchen v. Purinton, 84 Texas, 603; Story v. Marshall, 24 Texas, 305.

The evidence showed that the lot referred to was deeded by defendant to plaintiff for a recited valuable consideration, and there was no evidence sufficient in law to establish any trust or to show that defendant had any interest in said lot. McCartney v. McCartney, 53 S. W. Rep., 388; Lott v. Kaiser, 61 Texas, 672; Lewis v. Simon, 72 Texas, 475; Callahan v. Houston, 78 Texas, 474; De Garcia v. Galvan, 55 Texas, 53.

*W. W. Flood* and *A. A. Hughes,* for defendant in error.—In the absence of any evidence of intention by the husband to the contrary, a deed from him to his wife will itself be taken as evidence of his intention to convey to the wife his interest in the property and make it her separate property. But where the circumstances and acts and declarations of the parties show a different intent the presumption arising from the deed is rebutted, and unless under all the circumstances it appears it was his intention to make it her separate property, it will remain in community. Higgins v. Johnson, 20 Texas, 389; Parker v. Chance, 11 Texas, 513; Story v. Marshall, 24 Texas, 308; Dunham v. Chatham, 21 Texas, 245.

This being a voluntary conveyance between these parties, since the equities set up by the husband are not met by any opposing equities by the wife, the deed should be construed according to the intention of the maker. Dunham v. Chatham, 21 Texas, 246.

A deed may be contradicted by parol testimony showing a contrary intention by the maker. James v. Fulcrod, 5 Texas, 575; Dunham v. Chatham, 21 Texas, 255; Mead v. Randolph, 8 Texas, 81; Neil v. Reese, 5 Texas, 23; Groom v. Rust, 27 Texas, 231; Canty v. Dupree, 21 Texas, 211; McGlenn v. Floyd, 10 Texas, 159; Miller v. Thatcher, 9 Texas, 482.

The testimony of appellee complained of is admissible, since it was not offered as a declaration in disparagement of his title, but simply a statement as to what his intention was, confirmed by his declarations at all times both before and after making the deed, and was also offered in rebuttal of her testimony that he had never claimed any interest in the property.

The charge of the court is the law of community property and is applicable to this case. The deed referred to does not make these lots her separate property, because it does not convey it to her for her sole and separate use, and the simple recital that the consideration was paid by her does not change the character of property or change the burden of proof. The issue submitted was, were these deeds made to appellant by the appellee's direction, and if so, was it his intention by so doing to make it her separate property? To which they answer, it was made by the direction of defendant. But he did not intend to make it her separate property. The definition given by the court of community property could have no effect on the answer to this question.

The special charge requested by plaintiff instructed the jury that title of lots 6 and 7, block 11, was vested in plaintiff by deed to her executed by Barwise in 1890. This deed recited that the consideration was paid by plaintiff out of her separate estate, but the property was not conveyed to her for her sole and separate use. Hence title was not vested in her. The recital prima facie would show it was paid for out of her separate estate and would be proof it was her separate property, but the proof is that it was paid for by defendant by work done for Barwise.

All the authorities agree in stating that when property is purchased with community funds, and deed to it is taken in the wife's name, it is a question of the intention of the husband in having the deed so made, whether it becomes her separate property, or whether it remains community property.

WILLIAMS, ASSOCIATE JUSTICE.—Plaintiff in error, the divorced wife of defendant in error, brought this action against him to recover, among other things, two pieces of real estate, claiming that though acquired during marriage, it was her separate property. The defendant, on the other hand, asserted that the property belonged to the community estate and pleaded specially, in substance, that recitals in the deeds by which the titles were put in the name of plaintiff—that the considerations were paid out of her separate fund—had been inserted by mistake of the draughtsman without the knowledge or consent of either plaintiff or himself, the fact being that the property had all been paid for with community funds, and the intention of all parties being to acquire it for the community estate. The judgment of the District Court gave plaintiff one-half of the price of the property and the defendant the other half, and gave plaintiff 9/14 and defendant

5/14 of the other piece, which is the north half of lot 13 in block 153 in Wichita Falls. The judgment also charged defendant with rents of the last mentioned piece of the property of which he had been in possession, and with moneys paid out by, plaintiff for taxes·upon community estate, and charged plaintiff with rents of the other piece of property of which she had held possession after the divorce, leaving a small balance in plaintiff's favor.

This judgment was affirmed by the Court of Civil Appeals and this writ of error was granted upon assignments attacking the rulings upon questions affecting the title to the north half of lot 13 alone. That property had been first conveyed to Mrs. Kahn by one Meyer during the marriage, the consideration being $525, made up of· $200 of her separate funds, $50 separate funds of her husband, and the remainder of community funds. Upon the representation of her husband that such a step was necessary in order to secure a loan to improve the property, Mrs. Kahn joined him in a deed conveying it to J. H. Barwise, Jr., and the latter conveyed it to Kahn. No loan having been effected and the wife demanding that the property be reconveyed to her, Kahn executed and delivered to her a warranty deed conveying to her the property, which was in the ordinary form of such deeds, except that before the granting clause it recited a consideration of $500, "paid by Amelia Kahn out of her separate funds and for her separate use and benefit."

The defendant was permitted, over objection of plaintiff, to offer parol evidence for the purpose of showing that he did not intend by this deed to convey to his wife in her separate right his interest in the property. The substance of his evidence was that the purpose of the conveyance was to keep peace in the family, as his wife was making a disturbance and demanding that the property be reconveyed to her; that he did not intend by the deed to convey it to her or to make it her separate property, and had always so stated. The charge of the court made the determination of the question whether or not the land belonged to the community or to the separate estate of the wife depend upon the fact to be determined from the evidence,—whether or not Kahn intended by the deed to make it sûch.

We are of opinion that without proof of fraud or mistake in the insertion of the recitals in the deed, parol evidence was not admissible to show that the maker of it did not intend to convey the property to his wife as her separate property, and this for the reason that the deed on its face clearly expressed such intent. In consideration of the fact that the property of husband and wife may consist of separate property of either or of community property of both, and that the legal title to property may be in either spouse, while the equitable title may be in the other, or in the community estate, this court has laid down very liberal rules allowing parol evidence to show the true status of the title, often depending upon intentions and agreements not appearing from the title papers.

Most of the discussion has been as to the effect of deeds from third

persons to the wife, and it has been settled that if the deed show nothing to the contrary, the presumption is that property conveyed to her during marriage is community property; but it may be shown to be in equity her separate property by proof that her separate estate furnished the consideration; or it may be shown that the husband paid the consideration out of his separate funds and caused the deed to be made to the wife, in which case the presumption arises that he intended it as a gift to her, which presumption also may be rebutted by parol evidence showing a different intent; or it may be shown that the husband paid the consideration out of the community estate, in which case, though he may have caused the deed to be made to the wife, the presumption in favor of its being community property would, nevertheless, obtain; but this, too, may be overcome by parol evidence of an intent on his part to convert it into her separate property by a gift of his interest. Higgins v. Johnson, 20 Texas, 389; Smith v. Strahan, 16 Texas, 323, 25 Texas, 103; Parker v. Chance, 11 Texas, 513. These are all instances in which the deeds do not show the intent governing the transaction as between the husband and wife.

Another class of cases has arisen in which third persons have conveyed property to the wife during marriage by deeds showing a purpose to make it her separate estate, either by directly so stating or by a recitation that it is conveyed as a gift, or that the consideration was paid out of her separate estate. McCutcheon v. Purinton, 84 Texas, 604; Morrison v. Clark, 55 Texas, 437. In those cases it was held that the purpose expressed in the deeds to vest the title in the wife separately was prima facie evidence that it became her separate property even against creditors of the husband or of the community, the opinions, of course, conceding the right of creditors to attack the conveyance in the same way in which they might attack any conveyance from husband to wife.

In several cases the effect of deeds from the husband to the wife has been determined. In some of them, the instrument was silent as to the purpose of the husband in making it (Story v. Marshall, 24 Texas, 306; De Garca v. Galvan, 55 Texas, 53), and it was held that, prima facie, such intention was to convey the property to the wife in her separate right, but that creditors might attack the conveyance, as they might any other deed, by showing its true purpose.

In other cases the deeds from the husband to the wife showed, by recitations of the character of the considerations, his purpose to convey to her for her separate use. Lewis v. Simon, 72 Texas, 475; Callahan v. Houston, 78 Texas, 497. The deeds were held, without any qualification in the language, to constitute the land the separate property of the wife.

In Callahan v. Houston, the deed from the husband showed that the conveyance was made as a gift, and this was held of itself to show the intent to make the subject of it the separate property of the wife without words to that effect. Testimony by the husband had been admitted in the trial court to show his intent in making the deed, and

with respect to this, the opinion says: "This testimony given on the trial as to his purpose in making the deed might have been excluded, but its admission in no way could have affected the case. The deed executed by him made the land the separate property of his wife."

In Lewis v. Simon, referring to a deed which the husband had made to the wife reciting a consideration of $10 paid by her and the further consideration of love and affection, Justice Gaines said: "The proposition that the deed from Simon to his wife placed the title in the community can not be maintained. Such a construction would be equivalent to holding that it passed the title from the community to the community, or, in other words, that it passed nothing. The consideration in the deed from Wilkinson to Simon and the bid at the sheriff's sale show clearly that the $10 expressed in the deed in question was merely nominal and that the conveyance was purely voluntary. By it the land clearly became the separate property of the wife, as the grantor evidently intended."

Richardson v. Hutchins, 68 Texas, 81, did not depend on a deed from husband to wife, but upon letters and other writings. These may have been sufficient upon their faces to show the gift, but parol evidence of the gift was also admitted and considered in connection with the writings. There was no occasion for the court to consider the admissibility of such evidence.

It is evident, therefore, that the decisions in this State do not go so far as to hold that the husband may, by parol evidence, disprove an intention clearly expressed in his deed to his wife. The decisions do clearly establish the proposition that the intent to make the property conveyed the separate property of the wife may be shown not only by words of conveyance to her sole and separate use, but by recitals of a consideration such as would, if moving from her, give such a character to it.

There can, therefore, be no doubt that the deed before us upon its face unequivocally expresses the purpose of Kahn to convey to his wife in her separate right, and he can not be permitted consistently with correct principles to show that he did not so intend. The evidence admitted does not come within the rule which sometimes permits the true consideration of an instrument to be shown to have been different from that recited. This principle, properly applied, admits the evidence where the consideration has been stated as a fact, but not where the recital is contractual in its nature. Garrett v. Railway, 52 Texas, 139; 6 Am. and Eng. Enc. of Law, p. 775, and authorities cited.

The statement in the deed from Kahn to his wife is more than the mere statement of a fact. Under the decisions referred to, its legal effect is to show the character of the right to be created by his deed and is as much a contractual recital as any in the instrument, and belongs to that class of particular and contractual recitals which, in deeds, estop the parties from denying them. Another limitation upon the rule is that a grantee in a deed will not be permitted to defeat it as a conveyance by showing that there was no consideration, and the effort here is to defeat the deed as a conveyance of the property to

Mrs. Kahn in her separate right, which would be to make it wholly inoperative, since the legal title was already in the community estate. Evidence that no consideration passed would doubtless be admissible where such fact would be of any importance upon the issues of a case, but it could not have the effect of defeating the operation of the deed. Railway v. McKinney, 55 Texas, 187; Railway v. Pfeuffer, 56 Texas, 72, 73.

Nor was the evidence admissible under the rules which allow the engrafting of parol trusts upon legal titles. No trust of the kind known as implied trusts could arise from the facts stated. Conceding that when the property was first conveyed to Mrs. Kahn she held it in trust for the community estate and for her husband so far as the two furnished parts of the purchase money, and that this condition of the title continued to exist while the legal title was in Barwise and in Kahn, it can not be admitted that it remained so after Kahn conveyed it to his wife, for the plain reason that his deed converted it into separate property of the wife. The testimony admitted does not tend to show any express trust in the wife. Its only tendency is to show the absence of an intention plainly expressed in the deed. The admission of this testimony and the charge of the court made the case turn upon an erroneous view of the law. The verdict was not made to depend upon proof of a mistake which would give ground for equitable relief, and hence the judgment must be reversed. Lott v. Kaiser, 61 Texas, 665. This will render necessary a readjustment of the accounts of the parties for rents and taxes, and the cause will therefore be remanded.

*Reversed and remanded.*