WILSON v. DEARBORN, Sheriff. (No. 6581.)

(Court of Civil Appeals of Texas. Dallas. Feb. 20, 1915.)

1. SHERIFFS AND CONSTABLES ⟐88—LEVY OF EXECUTION—DUTY.

Where a sheriff received an execution, and specific land is pointed out to him, it is his duty to levy, regardless of what he might believe as to the title, since a levy on land could not subject him to damages.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 120–125, 195; Dec. Dig. ⟐88.]

2. MANDAMUS ⟐14—LEVY OF EXECUTION BY SHERIFF.

Where a sheriff holding an execution failed to levy on the land specifically pointed out because he doubted defendant's title, and thereupon notified the assignee of the execution, and was told to wait until he could look the matter up, and the assignor then took the papers away from him, mandamus should not issue to compel a levy; the assignee not having notified him what to do.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 44–46; Dec. Dig. ⟐14.]

Application for mandamus by J. B. Wilson against H. B. Dearborn, Sheriff. Application denied.

E. P. Anderson, of Waxahachie, for relator. J. L. Gammon, of Waxahachie, for respondent.

RAINEY, C. J. On February 2, 1915, J. B. Wilson presented to this court an application for the writ of mandamus commanding H. B. Dearborn, sheriff of Ellis county, Tex., to levy, two executions for costs issued by this court in causes Nos. 6018 and 6706, both entitled J. L. Holveck et al. v. George Holveck et al., decided by this court, alleging: That said executions had been placed in said sheriff's hands, with directions to levy the same on certain land, which land was pointed out by a description in writing, showing the metes and bounds thereof. That said sheriff had failed and refused to make said levy, for the reason that the records showed the title to the land to be in another than the defendants in execution, and demanded an indemnity bond.

On said February 2, 1915, this court caused an order to be issued commanding the said H. B. Dearborn, sheriff as aforesaid, to appear before this court on February 12, 1915, and show cause why he had not levied said two executions, and on said day the said Dearborn did appear in obedience to said command and made answer in part as follows:

"(1) That he is not guilty of refusing to execute either of the executions mentioned in said motion, namely, one in cause No. 6018, J. L. Holveck et al. v. George Holveck et al., the other in cause No. 6706, J. L. Holveck et al. v. George Holveck et al., or either of said executions; that said executions were delivered to him on or about the 8th day of January, 1915, by E. P. Anderson, together with description of certain property, to wit, a part of block 162, in the town of Waxahachie, Tex., and a part of block 34 in the town of Waxahachie, Tex., particularly described in Exhibit A, hereto attached, with request to levy upon the same as the property of defendants in said execution; that each of said executions, which are on file in the court, bore the following indorsement, purporting to be executed by Geo. W. Blair, clerk of the Court of Civil Appeals: 'For value received, I assign the within execution to J. B. Wilson. [Signed] Geo. W. Blair, Clerk of the Ct. of Civil Appeals'—which indorsement and signature were and are in the handwriting of the said E. P. Anderson.

"(2) Your respondent made inquiry as to the ownership and possession of said property of R. G. Phillips and others, and was, by them, reliably informed that both the legal title and possession thereof was and had been for a long time in parties other than the said defendants in said executions, whereupon your respondent, desiring to perform his duty faithfully and intelligently forthwith addressed a letter to the honorable clerk of this court, making inquiry as to the genuineness of these executions, and as to his duty in the premises, and on, to wit, the 14th day of January, called upon the said clerk in person for answer to his letter, and was by him advised to consult with the purported plaintiff in execution, J. B. Wilson; that he received a reply to said letter, from the clerk, on, to wit, the 14th day of January, 1915, which is hereto attached, and marked Exhibit B; that on said date he personally inquired of J. B. Wilson, the purported plaintiff in execution, if he

desired said executions levied upon this property, to which the said J. B. Wilson replied that he loaned Capt. Anderson $24 to pay some expenses in this litigation, and requested your respondent to wait until he could look into the matter before making a levy, and that, when he had looked into the matter, he would notify your respondent whether or not he should make the levy; that on, to wit, or about the 16th or 18th day of January, 1915, and before the said Wilson, plaintiff in said execution, had advised your respondent, Capt. Anderson came to respondent's office and demanded the papers forthwith, and they were delivered to him; that said J. B. Wilson has not as yet advised your respondent that' he desired levy made of said executions, or either of them, and your respondent is not advised by information or by said J. B. Wilson of his decision of such matter.

"(3) Your respondent had no intention, and has no intention of refusing to execute the mandates of your honorable court in any particular."

The said sheriff testified to the conversation he had with J. B. Wilson stated in his answer and to the delivery of the executions to E. P. Anderson, attorney for Wilson, as stated, and that Wilson had not instructed him what to do in regard to a levy, and, since the delivery of said executions to E. P. Anderson, he was not authorized to act in the premises. This testimony of the sheriff was not contradicted, and, taken as true, shows no reason for the issuance of the writ of mandamus.

[1, 2] We think, however, when the sheriff received the executions and was directed to levy on the land, that there was no occasion for him to concern himself about the title to the land pointed out to levy on. It was none of his business whether the land was owned and possessed by another, and that the levy would involve litigation. The levy of an execution on land would not subject him to a suit for damages, and, when he received the executions and the land pointed out to him, he should have levied same; but after Wilson had promised to investigate and notify him what to do and Wilson not having done so, and the executions having been taken out of his hands as stated, the mandamus will not issue.