### WILSON et al. v. DEARBORN et al. (No. 6755.)

(Court of Civil Appeals of Texas. Dallas. Oct. 30, 1915.)

1. MANDAMUS ☞6—CONFLICT WITH INJUNCTION.

Where the trial court made final an order enjoining a sale of land on execution, mandamus to compel the sheriff to levy execution will not be issued until the order is set aside.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 36; Dec. Dig. ☞6.]

2. HUSBAND AND WIFE ☞87—MARRIED WOMEN—APPEAL BONDS.

A married woman, not even with the consent of her husband, can legally bind herself as surety on an appeal bond, and a bond on which she is a surety may be refused.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 346-353, 798; Dec. Dig. ☞87.]

On motion for rehearing. Motion denied. For former opinion, see 174 S. W. 296.

Adams & Stennis, of Dallas, for relators. J. L. Gammon, of Waxahachie, for respondents.

RAINEY, C. J. [1] This is a motion for rehearing of an application for a writ of mandamus in cause No. 6581, 174 S. W. 296, which application was refused at the last term of this court. This motion was filed after the period fixed for filing of motions for rehearing had expired. But it is argued that the refusal was based upon false and perjured testimony, which petitioners claim can be shown on another hearing. This would be good grounds for setting aside the former judgment in this matter and a rehearing thereof, if the petition itself did not show it would be a useless proceeding. The former application was founded on the charge that Dearborn, sheriff, had refused to levy an execution duly issued by this court on certain lands pointed out by this applicant, etc. The application for rehearing shows that said executions had been subsequently placed in the hands of a constable, had been duly levied on the said land and advertised for sale; that an injunction had been procured from the district court restraining the sale of said land, by virtue of said execution, which injunction was upon hearing perpetuated by said district court and notice of appeal given by applicant. The judgment of the district court perpetuating the injunction being final, it precludes the issue of the writ of mandamus by this court until said judgment is set aside and annulled.

[2] The application prays in the event that a rehearing is not granted on the former application, that a mandamus be now issued against Carl Tankersley, district clerk, requiring him to approve an appeal bond executed in the injunction proceeding by applicants as principal, with P. C. Wylie and Mary Wilson as sureties. It was shown on the hearing of this issue that Mary Wilson, one of said sureties on said appeal bond, was a married woman, the wife of J. B. Wilson, and the refusal to approve said appeal bond was on account of Mary Wilson being a married woman, and therefore not a proper surety under the law. The question then arises, Can a married woman legally bind herself as surety on an appeal bond with the husband's consent, which was the case in this instance, unless in a matter involving her contract for necessaries or her separate property? We think not. In the injunction proceedings Mary Wilson's separate property, nor her rights as a married woman, were in anyway involved. Under the law a married woman cannot make a valid contract binding upon her unless for necessaries for herself and children, or for the benefit of her separate estate. The judgment appealed from in no way involving a contract by her for necessaries for herself nor for the benefit of

her separate property, and she incurred no liability on the appeal bond.

In the case of Cruger v. McCracken, 87 Tex. 584, 30 S. W. 537, it was held that the signing by the wife of an appeal bond of the husband was void, which ruling is directly in point in this case, and adverse to the appellant's contention.

As we hold under the law that Mary Wilson is not a proper surety on the appeal bond, should we hold that the writ of mandamus should issue against the clerk? We think not. Our statute provides that to perfect an appeal a bond with two good and sufficient sureties should be tendered to the clerk, who shall approve the same. The duty of approving said appeal bond is imposed upon the clerk when the two sureties are good and sufficient. Such being his duty, he would violate the law to approve a bond not complying with its requirements. Mary Wilson being a married woman, she is not qualified under the circumstances of this case, and the clerk was justified in not approving the bond, and the mandamus is denied.

The motion is overruled.