**BLANTON et al. v. CAIN et al.    (No. 8916.)**

(Court of Civil Appeals of Texas. Galveston. Jan. 19, 1927.)

**Fraudulent conveyances** ⊜⟿57(5)—**Solvent husband having paid from community property for conveyance to wife, conveyance is not fraudulent as to husband's creditors.**

Evidence that husband, securing conveyance of property to wife, paid for such conveyance out of community fund at time he was solvent, warrants injunction to restrain sale under execution against husband on theory that conveyance was in fraud of creditors.

Appeal from District Court, Harris County; Roy F. Campbell, Judge.

Injunction suit by Mrs. L. Estelle Blanton and others against Alex Cain and others. Temporary injunction issued. From a judgment refusing a permanent injunction, complainants appeal. Reversed and rendered.

J. R. Hill and Pritchett Harvey, both of Houston, for appellants.

LANE, J. J. C. Taliaferro, one of the appellees, recovered a judgment in the district court of Grayson county, Tex., against E. B. Blanton, husband of L. Estelle Blanton, here-

inafter, for convenience, referred to as Mrs. Blanton, individually, and against E. B. Blanton, doing business under the name of Blanton Banking Company, for the sum of $1,507.44. Execution was issued upon such judgment and placed in the hands of appellee Alex Cain, a constable of Harris county, Tex., who by virtue of such execution levied on lot 19 in block 56, Allen addition to the city of Houston, Tex., the same being claimed by Mrs. Blanton as her separate estate, and advertised the same for sale to satisfy said judgment. Mrs. Blanton, joined by her husband, E. B. Blanton, filed this suit in the district court of Harris county and prayed for the issuance of an injunction to restrain Alex·Cain and J. C. Taliaferro from. selling her said property or any part thereof.

The plaintiffs alleged that, at the time of the rendition of the judgment in favor of Taliaferro against E. B. Blanton, Mrs. Blanton owned the property levied on in her own separate right; that by his deed, recorded in the deed records of Harris county, J. H. Crooker had conveyed said property to Mrs. Blanton. Upon plaintiffs' petition, the court ordered the issuance of a temporary injunction, as prayed for, to remain in force to await the further orders of the court.

J. C. Taliaferro answered and denied that the property levied on was the separate property of Mrs. Blanton, and alleged said property was purchased by E. B. Blanton, doing business under the name of Blanton Banking Company, and that as a part of the consideration for the purpose of the property E. B. Blanton transferred to John H. Crooker notes Nos. 1 to 19 of a series of notes executed by one Berset, payable to the order of J. C. Taliaferro, and transferred by Taliaferro to E. B. Blanton; that the said judgment in favor of Taliaferro was for a part of the pur-chase price of said notes; that the remainder of the purchase price for the property, to wit, $15,000, was paid to Crooker by the execution and delivery to him of one vendor's lien note by E. B. Blanton and Mrs. Blanton, same being fully described in Crooker's deed to Mrs. Blanton.

He further alleged that the purchase price of the land was paid for out of the community funds of E. B. Blanton and wife, and was the community property of the husband and wife; that the statement in the deed that the property was the separate property of Mrs. Blanton, paid for out of her separate funds, was made in an attempt to make said property the separate property of Mrs. Blanton, and for the purpose of defrauding the creditors of E. B. Blanton.

Alex Cain answered, adopting the answer of Taliaferro as his own, and alleged further that he was constable of precinct No. 1 of Harris county, and that he levied on the property by virtue of a writ of execution placed in his hands.

By. supplemental petition the plaintiffs demurred generally to the defendants' answers,. and specially excepted to that part of said answers as alleged that the property involved in the suit was conveyed to L. Estelle Blanton as her separate estate for the purpose of defrauding the ·creditors of E. B. Blanton, for the reason that such allegation is a conclusion of the pleader, and alleges no facts on which to base such conclusion. They denied all the allegations in said answers, and specially alleged:

That, at the time Crooker conveyed the property involved in this suit to Mrs. Blanton, E. B. Blanton "was indebted to her in a large sum of money for funds of her separate estate which she had advanced and loaned to said E. B. Blanton; the amount being greater than the actual value of. the notes of said Berset described in the deed from said Crooker and wife to said L. Estelle Blanton, and greater in amount than the value of the property involved herein. That prior to the time of the execution of said deed conveying said property to her, it was understood and agreed by and between the said E. B. Blanton and his wife, L. Estelle Blanton, that the said E. B. Blanton was to buy said property, paying therefor with the said Berset notes, and that the said L. Estelle Blanton was to take said property in satisfaction pro tanto of the debt due her by said E. B. Blanton, and the deed to recite that said property was to be her separate estate, which was accordingly done; the property so conveyed to her in her separate right then and there being of less value than what the said E. B. Blanton owed the said L. Estelle Blanton. And it was further agreed by and between said E. B. Blanton and his said wife that she the said L. Estelle Blanton was to have· and to hold the rents, revenue, and income arising therefrom in further satisfaction and payment of her debt, and as her ·separate property, and at and during all of said times the said E. B. Blanton was solvent."

By supplemental answer, J. C. Taliaferro denied generally all the allegations of plaintiffs' supplemental petition, and specially denied that E. B. Blanton was solvent at the time the property involved in the suit was purchased by Mrs. Blanton. On the 12th day of October, 1925, the cause came on for final hearing and upon such hearing the court dissolved the temporary injunction theretofore granted, and rendered judgment refusing the plaintiffs' prayer for a perpetual injunction to restrain the sale of said property under said levy. From the judgment so· rendered the plaintiffs have appealed.

The deed of date April 11, 1922, by which Crooker conveyed the property involved to· Mrs. Blanton, recites in substance that in consideration of $15,000 paid and to be paid by Edlar B. Blanton, doing business under the trade-name of Blanton Banking Company, to wit, certain notes which were executed and delivered by one Niles A. Berset to J. C. Taliaferro, and by Taliaferro sold, transferred, and delivered to Crooker, which

Crooker accepted for the sum of $10,000 as a first payment of the recited purchase price for said property, and one vendor's lien note for the sum of $5,000 executed and delivered by E. B. Blanton and L. Estelle Blanton to Crooker, he (Crooker) had conveyed the property to Mrs. L. Estelle Blanton as her separate estate; same being paid for out of her separate funds.

It is shown that, as the purchase price for the notes sold, transferred, and delivered by E. B. Blanton to Crooker, which he accepted as first payment for the property involved in this suit, E. B. Blanton executed and delivered to J. C. Taliaferro his note for $5,665; that the judgment rendered in favor of Taliaferro. against E. B. Blanton in Grayson county was for an unpaid balance on said $5,665 note.

E. B. Blanton testified that his name is E. B. Blanton and that he is known as Edlar B. Blanton; that he operates his business under the name of Blanton Banking Company; that he bought the property involved in this suit for his wife, L. Estelle Blanton; that he and Mrs. Blanton were married in 1913, and that they were husband and wife on the 11th day of April, the time Crooker conveyed said property to his wife, L. Estelle Blanton; that on said 11th day of April, 1922, he owned no property in Houston; that on the 11th day of April, 1922, he owned land in Erath county worth $40,000 and bonds and cash of the value of $25,000; that he had property of the value mentioned on the 11th day of April, 1922, after paying his debts; that the bonds he owned were municipal bonds; that on April 11, 1922, after paying his debts, he had $25,000 left, and also owned the 80 acres of land in Erath county, which he still owns.

There was no evidence offered disputing the testimony of E. B. Blanton as to his solvency at the time he had Crooker convey the property involved here to his wife, L. Estelle Blanton.

The sum and substance of the seven assignments of appellants is that the court erred in denying their petition and prayer for an injunction restraining the sale of the property in controversy, in that there was no evidence tending to support such denial, but, to the contrary, the undisputed evidence shows that E. B. Blanton was solvent at the time he paid for the property with community funds, if they were such; that he had Crooker to convey the property to Mrs. Blanton as her separate estate, and thereby intended to, and did as a matter of law, give her the said property, as he had the legal right to do, he being solvent at that time; and that such acts were not in fraud of creditors.

We think the contention of appellants should be sustained, and that the judgment of the trial court should be reversed and judgment here rendered enjoining appellees from selling the property in controversy.

The only allegation in the answer of appellee Taliaferro which, if sustained by proof, would subject the property in controversy to sale to satisfy his judgment against E. B. Blanton is that such property was in fact community property of Blanton and wife, as it was paid for with community funds, and that at the time he had it conveyed to his wife as her separate estate he was insolvent and had the property conveyed to his wife in fraud of creditors.

We have already stated the facts as shown by the evidence. Such facts sustain the contention of appellants that the property in controversy, though paid for with community funds of Blanton and wife, was purchased for the wife, and that at the instance and request of the husband, at a time when he was solvent, John H. Crooker conveyed the property to his wife as her separate estate, reciting in such conveyance that it was paid for out of the separate funds of the wife.

"When the husband is solvent, he can convert community property into the separate property of the wife. If he causes a deed for property paid for with community funds to be made to the wife for her separate use and causes the deed to so recite, it would vest the title in the wife as her separate estate. The husband has the management of both community property and the separate estate of his wife; and when a deed containing recitals like the one now under consideration is found to have been made during the existence of the marriage, and no evidence is offered to explain or qualify it, the presumption must be indulged that it was made with the knowledge and consent of the husband and for the purpose of making the property the separate estate of the wife." McCutchen v. Purinton, 84 Tex. 604, 19 S. W. 711.

The decision in the case from which we have just quoted was followed in Kahn v. Kahn, 94 Tex. 118, 58 S. W. 825.

In Maddox v. Sommerlin (Tex. Civ. App.) 47 S. W. 1020, it is said:

"If the debtor was solvent, either when the gift or conveyance was made or the action is brought, having sufficient property, excluding that affected by the gift or conveyance, to satisfy his creditors, without hindering or delaying them, such gift or conveyance cannot be considered fraudulent, or as standing in the way of creditors collecting their debts."

For the reasons pointed out, the judgment of the trial court in refusing the injunction prayed for by appellants is reversed and judgment is here rendered in behalf of appellants, restraining appellees Alex Cain and J. C. Taliaferro from selling, or causing to be sold, the property in controversy by virtue of an execution issued upon the judgment rendered in the district court of Grayson county, Tex., in favor of J. C. Taliaferro against E. B. Blanton.

Reversed and rendered.