**WATSON v. MORGAN et al.**

**No. 1715.**

Court of Civil Appeals of Texas. Waco.

Feb. 20, 1936.

Rehearing Denied March 19, 1936.

Munroe & Holt and Fred Hartley, all of Waco, for appellant.

Mr. & Mrs. C. S. Bradley, of Groesbeck, for appellees.

ALEXANDER, Justice.

Bettie B. Morgan, joined pro forma by her husband, Jim Morgan, brought this suit against R. Watson and others in trespass to try title to a house and lot in the city of Mart. A trial before the court without a jury resulted in a judgment in favor of plaintiffs. The defendant Watson appealed.

Watson claimed title to the property by virtue of his purchase thereof at a sheriff's sale under an execution issued to satisfy a personal judgment against Jim Morgan. Mrs. Morgan claimed that the property was a part of her separate estate and therefore not subject to execution in satisfaction of her husband's debts. The sole question is whether at the time of the sheriff's sale the property belonged to the community estate of Jim Morgan and wife or to the separate estate of Mrs. Morgan. The evidence is practically without dispute. The property in question was conveyed by O. A. Ederington and wife in 1930 to Mrs. Bettie B. Morgan, the deed reciting in part as follows:

"* * * for and in consideration of the sum of Twenty-two Hundred Fifty and no/100 Dollars, to us in hand paid by Mrs. Betty B. Morgan, wife of J. W. Morgan, out of her own separate funds and estate, * * *

"To have and to hold the above described premises, * * * unto the said Mrs. Betty B. Morgan, as her own separate property and estate. * * *"

Several years prior to said conveyance Mrs. Morgan, after her marriage to Jim Morgan, ran a hotel in Marlin from which she accumulated some money. She put the savings in a bank in her own name. She later negotiated for the purchase of the property in question and paid the consideration recited in the deed by a check on said bank account. Jim Morgan was present with his wife in the scrivener's office at the time the deed was prepared and executed. He knew that the deed conveyed the land to his wife as her separate property, but made no objection, nor did he make any declaration or statement that he intended the property as a gift from himself to his wife. The deed of conveyance was promptly recorded, and at that time neither Morgan nor his wife owed any debts. Upon this state of facts the trial court found that Jim Morgan acquiesced in the conveyance of the property to his wife as her separate property and that he thereby ratified the same, and concluded that it was not subject to execution in satisfaction of debts subsequently created by the husband.

The money earned by Mrs. Morgan in the operation of the hotel during her marriage was community property. The fact that said funds, which were later used in paying for the property here involved, were deposited in the bank in the name of the wife raised a presumption under the statute (Revised Statutes, art. 4622) that the funds were the wife's separate property, but this presumption was probably overcome by proof that both the husband and wife kept all of their funds in the same account. We may, therefore, approach the subject as if the property had been paid for out of community funds.

Ordinarily all property acquired during marriage by either the husband or wife, except that acquired by gift, devise, or descent, is presumed to be community property; and this presumption is not altered by the mere fact that the conveyance is to the wife, in the absence of recitals in the conveyance to the contrary. But where the deed is made to the wife with the knowledge and consent of the husband and expresses an intention that the property is designed to be the separate property of the wife, a different rule prevails. The general rule is that where property is purchased with either community funds or the separate funds of the husband and

the husband knowingly permits the deed to be made to the wife with a recitation therein that the conveyance is to the wife as her separate property, such facts raise a prima facie presumption of a gift to the wife, and in the absence of evidence to overcome such presumption the property so conveyed will be treated as the wife's separate property. McCutchen v. Purinton, 84 Tex. 603, 604, 19 S.W. 710, 711; Kahn v. Kahn, 94 Tex. 114, 58 S.W. 825; Texarkana Nat. Bank v. Hall (Tex.Civ.App.) 30 S.W. 73 (writ refused); Zellner v. Samuelson · (Tex.Civ.App.) 220 S.W. 587; Attebery v. Stringer (Tex.Civ.App.) 3 S.W.(2d) 935; Purinton v. Gunter, 3 Tex.Civ.App. 525, 22 S.W. 1008; Markum v. Markum (Tex.Civ.App.) 210 S.W. 835; Id. (Tex.Civ.App.) 273 S.W. 296; Evans v. Purinton, 12 Tex.Civ.App. 158, 34 S.W. 350; · Strickland v. Baugh (Tex.Civ.App.) 169 S.W. 181; Burruss v. Murphey (Tex. Civ.App.) 5 S.W.(2d) 612. In discussing this question, the Supreme Court, in McCutchen v. Purinton, supra, said: "When the husband is solvent, he can convert community property into the separate property of the wife. If he causes a deed for property, paid for with community funds, to be made to the wife for her separate use, and causes the deed to so recite, it would vest the title in the wife as her separate estate. The husband has the management of both community property and the separate estate of his wife, and when a deed containing recitals like the one now under consideration is found to have been made during the existence of the marriage, and no evidence is offered to explain or qualify it, the presumption must be indulged that it was made with the knowledge and consent of the husband, and for the purpose of making the property the separate estate of the wife."

The fact that the husband was present at the time the deed was prepared and executed and knew its contents and made no complaint thereof was sufficient to support the trial court's inference that the husband knowingly acquiesced in the manner of the conveyance. J. M. Radford Grocery Co. v. Matthews (Tex.Civ.App.) 78 S.W.(2d) 989. Under these circumstances, we think the trial court properly held that the property was the separate property of Mrs. Morgan and was not subject to execution to pay the husband's debts.

The judgment of the trial court is affirmed.