Lon EVANS, Sheriff of Tarrant County, Texas, et al., Appellants,

v.

HENRY S. MILLER COMPANY, Appellee.

No. 4769.

Court of Civil Appeals of Texas.

Waco.

March 20, 1969.

Rehearing Denied April 10, 1969.

See also Tex.Civ.App., 413 S.W.2d 954.

Brown, Herman, Scott, Young & Dean, J. Shelby Sharpe, Ft. Worth, for appellants.

Akin, Steinberg & Stanford, Lawrence E. Steinberg, Dallas, for appellee.

## OPINION

WILSON, Justice.

Plaintiff-appellee brought this action against the sheriff of Tarrant County and the surety on his official bond. It is a statutory action under Art. 3825, Vernon's Ann.Civ.Stat. to recover the amount of plaintiff's unsatisfied judgment previously obtained against Joseph Shoaf. The ground of recovery is that the sheriff failed to levy execution upon realty alleged to have been owned by Shoaf, the judgment debtor.

Plaintiff proved the rendition of the judgment against Shoaf, issuance of execution, transmittal of the execution to the sheriff, correspondence requesting the sheriff to levy on specified realty, a letter from the sheriff stating record title to the property was in the name of Mrs. Shoaf, replies stating the property was purchased with community funds and renewing the request to levy on it, a letter from the sheriff repeating his refusal to levy, his request for indemnity bond and the reply pointing out none was required for levy on realty, and

execution of the sheriff's official bond by the surety.

After plaintiff's repeated insistence that the levy be made and the sheriff's continued refusal, Mrs. Shoaf conveyed the land to her mother.

Plaintiff pleaded that the property on which the sheriff refused to levy execution was owned by Shoaf and his divorced wife as community property, and that its judgment against Shoaf was for a community debt. Defendants pleaded the property was the separate property of Mrs. Shoaf, as the deed to her prior to the judgment against Shoaf recited. Other defenses not necessary to note were asserted.

In a non-jury trial judgment was rendered against the sheriff for the amount of the judgment against Shoaf plus interest, with credit for partial satisfaction. Judgment against the surety was for the amount of the bond, execution of which was established. The trial court found that the land in question was community property of Shoaf and his wife, and was subject to execution.

The substance of defendants' position under their first group of 14 points is that the land was Mrs. Shoaf's separate property as a matter of law, and the recitations in the deed to her precluded introduction of extrinsic evidence, under the record, to show it was acquired as community property. We sustain the contentions that under the record the evidence was inadmissible, and reverse.

It is held that when an execution is delivered to a sheriff and he is directed to levy on specified land there is "no occasion for him to concern himself about the title to the land pointed out to levy on," and it is his duty to levy irrespective of "whether the land was owned and possessed by another". Wilson v. Dearborn, Tex.Civ. App., 174 S.W. 296. Where defendant in judgment asserts a homestead claim, the sheriff is said to be "not a tribunal to determine" the facts, and his failure to levy "renders him and his sureties prima facie

liable to the plaintiff in execution" for his debt.

The burden is upon the officer to overcome the prima facie case "by showing that nothing could have been collected on such execution by proper diligence". Harston v. Langston, Tex.Civ.App., 292 S.W. 648, 650, writ ref.; B. F. Goodrich Rubber Co. v. Valley Plumbing & Supply Co., Tex.Civ. App., 267 S.W. 1036, 1038 and authorities cited. See Fant Milling Co. v. May, Tex. Civ.App., 240 S.W.2d 454, 449, writ ref. n. r. e.

The officer and his surety rely, as a pleaded affirmative defense to discharge this burden, on the 1959 deed to Mrs. Shoaf from a third person during her marriage. This deed recited a consideration of $1.00 and a vendor's lien note for $8,000 paid and to be paid out of Mrs. Shoaf's "sole and separate estate". It recited that the land was conveyed to her "as her sole and separate estate".

The debt out of which plaintiff's judgment arose was contracted in 1964. The judgment on which the execution issued was rendered in 1965 and the execution was delivered to the sheriff in November of that year. Shoaf and his wife were divorced in 1966. The divorce decree recited, with approval of the parties, that they "own certain property as community property, and the parties announced to the court in open session that they have voluntarily agreed upon a division and partition of said property" according to which the land in question was awarded to Mrs. Shoaf as her separate property.

Shoaf testified he was an experienced real estate dealer and negotiated the acquisition of the land; that the "property was sold to me", but the title was taken in his wife's name because he then owed in excess of $150,000 and "if something should happen to me, this was something that could provide an income." He executed the vendor's lien note and drew the checks for the down-payment, utilities and taxes. He testified he never intended to make a gift of the property to his wife, but he collected the rents and gave them to his wife, who deposited them in her account out of which she made the mortgage payments; that he told the attorney drafting the conveyance to Mrs. Shoaf that he "wanted title to the property to be put in" her name "in case anything should happen", but "told him I wanted it to be community property"; that he wanted to "fix it so that the creditors couldn't get the title away from" his wife in case something happened.

Mrs. Shoaf testified the down payment was paid out of money earned by her or Shoaf during their marriage; that neither she nor Shoaf owned separate estate before their marriage; that she paid repair costs and taxes on the property; that after the divorce she conveyed the property to her mother for $1.00 as a gift on advice of counsel; that Shoaf signed her name to the initial contract of purchase; that Shoaf knew insurance policies covering the property named her as insured.

Appellants urge that all the recited evidence on which the court based the determination that the land was community property was improperly admitted over objections that the separate property and separate use recitals in the deed to Mrs. Shoaf were conclusive, and could not be varied or contradicted by extrinsic evidence to show it was not her separate property. It is pointed out that there was "no pleading of fraud, accident or mistake on any equitable ground of reformation or rescission". They cite Messer v. Johnson (Tex.Sup. 1968) 422 S.W.2d 908; Kahn v. Kahn, 94 Tex. 114, 58 S.W. 825; Lindsay v. Clayman, 151 Tex. 593, 254 S.W.2d 777; and Loeb v. Wilhite, Tex.Civ.App., 224 S.W.2d 343, writ ref. n. r. e.

The effect of these authorities is that where, as here, the conveyance by a third person to the wife recites the property is her sole and separate estate for her sole and separate use, and the husband "participates in the transaction to such an extent that he should be regarded as a party to the

instrument," extrinsic evidence to contradict the recitals is inadmissible "in the absence of equitable grounds for reformation or rescission". In Messer v. Johnson, above, there was "no allegation or evidence" of the latter.

In each of these decisions relied on by appellant the action was between the spouses or persons in privity with them. In none of them was a creditor seeking to introduce the extrinsic evidence.

The rule relied on does not prevent creditors from showing by extrinsic evidence that the transaction was intended as a fraud upon creditors or that there was a resulting trust for their benefit, and upon such showing the creditor is not bound by the separate property and separate use recitals. Lott v. Kaiser, 61 Tex. 665, 673; Morrison and Hart v. Clark, 55 Tex. 437, 444; McCutchen v. Purinton, 84 Tex. 604, 19 S.W. 710, 711; Kahn v. Kahn, 94 Tex. 114, 58 S.W. 825, 826. Cf. Watson v. Scales, Tex.Civ.App., 244 S.W.2d 366, writ ref. n. r. e.

In order to rely on such claim, however, the creditor is required to plead it. Morrison & Hart v. Clark, 55 Tex. 437, 444; Messer v. Johnson (Tex.Sup. 1968) 422 S.W.2d 908, 912. See McCutchen v. Purinton, 84 Tex. 604, 19 S.W. 710, 711.

Here there is no such pleading, and none fairly susceptible of that interpretation. Neither may it be said the issue was tried by implied consent under Rule 67, Texas Rules of Civil Procedure. Plaintiff pleaded only that the land was owned by Shoaf and his former wife as community property. To this pleading defendants addressed numerous execptions to the effect that no facts upon which the conclusion was based were alleged. They consistently and pointedly objected to the evidence on which the community property determination was based on the ground there was no supporting pleading.

It is not necessary for us to pass on appellants' other points. Reversed and remanded.