JOHNSON et al. v. JOHNSON.   (No. 5968.)

(Court of Civil Appeals of Texas.   Austin. Nov. 9, 1918.   Rehearing Denied Dec. 18, 1918.)

1. APPEAL AND ERROR ⚹⇒756—APPELLANT'S BRIEF.

Appellant's brief, which does not contain all that is necessary to enable Court of Civil Appeals to decide some questions sought to be presented, has not been prepared in accordance with the rules.

2. HUSBAND AND WIFE ⚹⇒119(1)—DEED TO MARRIED WOMAN.

Where realty was deeded to a married woman, legal title to the property became vested in her.

3. HUSBAND AND WIFE ⚹⇒132 — PROPERTY OF WIFE—EVIDENCE.

In trespass to try title by divorced first wife of decedent claiming through her son against her husband's second wife, such second wife, defendant, had the right to introduce testimony tending to show that her husband caused deed of the land to be made to her because he intended it as a gift.

4. HUSBAND AND WIFE ⚹⇒119(3)—DEED TO WIFE—SEPARATE PROPERTY.

Where husband caused deed of land to be made to his wife intending it as a gift, it became her separate property, though the deed did not state on its face that title was to be so vested in the wife.

5. HUSBAND AND WIFE ⚹⇒121 — ACQUISITION OF LAND BY WIFE—FURNISHING CONSIDERATION.

A wife acquired land as her separate estate if the consideration used in paying for the property was her separate estate.

6. HUSBAND AND WIFE ⚹⇒132 — PROPERTY OF WIFE—EVIDENCE.

In trespass to try title by divorced first wife of decedent, claiming through her son against second wife, defendant second wife, under the pleadings, *held* entitled to show that deed which was made to her was intended for her separate use and benefit; testimony being admissible under general denial and plea of not guilty.

7. HUSBAND AND WIFE ⚹⇒273(2)—COMMUNITY PROPERTY.

In trespass to try title by divorced first wife of decedent, claiming through her son, against second wife, where by judgment court did not attempt to reform deed to second wife, it was not necessary that grantors should have been made parties.

8. HUSBAND AND WIFE ⚹⇒273(2)—COMMUNITY PROPERTY.

If land conveyed to second wife became her homestead, it was not subject to partition after the husband's death at suit of the divorced first wife, claiming through her son, even though it was community property of the second marriage.

9. HUSBAND AND WIFE ⚹⇒273(4)—COMMUNITY PROPERTY — RIGHT OF FIRST WIFE THROUGH SON.

If land conveyed to second wife was community property of second marriage, a divorced first wife claiming in right of son after his father's death was owner of undivided half interest, subject to the second wife's right to use property as her homestead.

10. VENDOR AND PURCHASER ⬅236—INNO-
CENT PURCHASER.

First wife of decedent claiming land in tres-
pass to try title in the right of her son against
the second wife *held* not a bona fide purchaser
in good faith, having notice when she pur-
chased her son's interest of the second wife's
claim, and not having paid valuable considera-
tion.

Appeal from District Court, McLennan
County; H. M. Richey, Special Judge.

Action by R. C. Johnson against Mrs. T.
K. Johnson, wherein J. M. Bird and another
became plaintiffs. From judgment that
plaintiffs take nothing, and for defendant,
plaintiffs appeal. Affirmed.

Jas. E. Yeager, of Waco, for appellants.
E. M. Mann, of Mart, for appellee.

KEY, C. J. On November 23, 1915, R. C.
Johnson filed his original petition in tres-
pass to try title against Mrs. T. K. Johnson,
a feme sole, in which he sought to recover
an undivided one-half interest in a certain
lot in the town of Mart. In an amended
petition, in addition to the lot referred to,
he sought to recover a half interest in
certain personal property, and alleged that
all the property referred to was community
property of his father, T. K. Johnson, de-
ceased, and his stepmother, Mrs. T. K. John-
son, the defendant.

The proof shows that T. K. Johnson was
married twice; that in 1898 he and his first
wife were divorced, and a few months there-
after he married his second wife, the de-
fendant in this case. The plaintiff R. C.
Johnson was born during the first marriage,
and claimed a half interest in the property
which was acquired during the second mar-
riage. T. K. Johnson died in June, 1915,
and the plaintiff is his only child.

In December, 1915, the defendant filed an
answer, consisting of a general denial and
plea of not guilty. After the divorce refer-
red to, the plaintiff's mother married J. M.
Bird; and on September 18, 1916, the plain-
tiff executed a general warranty deed, con-
veying all of his interest in the tract of
land involved in the litigation to his mother,
Mrs. J. M. Bird; and on May 9, 1917, he
and Mrs. Bird, joined pro forma by her
husband, filed an amended petition, setting
up the fact that the plaintiff, R. C. Johnson,
had conveyed his interest in the land to Mrs.
Bird, and alleging that he disclaimed any
further title or right thereto, and thereafter
Mrs. Bird became the plaintiff, in so far as
the land was concerned. That petition also
attempted to set up the right in R. C. John-
son to recover on the ground that a certain
sum of money had been placed in the hands
of his father, T. K. Johnson, as a trust fund
for R. C. Johnson's benefit, but neither the

pleadings nor the evidence disclosed any fact
that would make the defendant, Mrs. T. K.
Johnson, liable to R. C. Johnson on account
of the fund referred to. There was no proof
that any of that fund was used in paying
for the land, and nothing was alleged or
proved that would show that Mrs. T. K.
Johnson was liable for that fund, even if her
husband misapplied it.

On May 17, 1917, the defendant filed her
third amended answer, alleging that the real
estate in question was her separate property,
and, if not, that it was her homestead, and
not subject to partition. On May 21, 1917,
she filed a supplemental answer, denying the
allegations in the plaintiffs' amended peti-
tion, wherein it was alleged that Mrs. Bird
was an innocent purchaser without notice.
On May 23, 1917, plaintiffs filed a supple-
mental petition, containing certain excep-
tions, denying facts pleaded by the defend-
ant, and pleading laches and limitation
against the defendant's cross-action, where-
in she sought to have her deed corrected and
cloud removed from her title.

There was a jury trial, wherein, in re-
sponse to special issues submitted by the
court, the jury found that the property in
question was the separate property of the
defendant at the time of the death of her
husband, T. K. Johnson. The jury also
found that at that time it was the home-
stead of the defendant and her husband, T.
K. Johnson, and also that it was the home-
stead of the defendant at the time this suit
was commenced.

In addition to the verdict, the trial judge
made findings which were incorporated in
the judgment to the effect that the plaintiff
Mrs. Bird was not an innocent purchaser of
the lot in controversy; that the same was
the separate property of the defendant, and
constitutes her homestead; and that her de-
ceased husband, T. K. Johnson, left no com-
munity or separate property. And thereup-
on judgment was rendered to the effect that
the plaintiffs take nothing by their suit, and
that the defendant, Mrs. T. K. Johnson, re-
cover the lot or real estate in controversy;
and from that judgment the plaintiffs have
appealed.

[1] Although appellants' brief has not been
prepared in accordance with the rules, inas-
much as it does not contain all that is nec-
essary to enable the court to decide some
questions sought to be presented, neverthe-
less we have examined the record, includ-
ing the statement of facts, and have reach-
ed the conclusion that no reversible error ap-
pears.

[2-4] The real estate in question was deed-
ed to the defendant, Mrs. T. K. Johnson;
and therefore, although she was at that time
a married woman, the legal title to the prop-
erty was vested in her; and the court ruled

correctly when it held that she had the right to introduce testimony tending to show that her husband caused the deed to be made to her, because he intended it as a gift, which would make it her separate property, although the deed did not state upon its face that the title was vested in her as her separate property. Patty v. Middleton, 82 Tex. 586, 17 S. W. 909.

[5-7] While it is true that the defendant pleaded that the scribner who prepared the deed neglected to use the words "separate estate," it was not necessary to so plead, as testimony of that kind was admissible under the general denial and plea of not guilty. At any rate, under the pleadings the defendant had the right to show that the deed which was made to her was intended for her separate use and benefit, and vested in her the superior right, which proof could be made by showing that the consideration used in paying for the property was her separate estate, or that her husband had the deed made to her, intending thereby to make a gift. By the judgment rendered, the court did not attempt to reform the deed; and therefore it was not necessary that the grantors should have been made parties to the suit. The defendant submitted testimony tending to support the verdict in her favor on all of the issues submitted to the jury; and we are not prepared to say that the jury's finding is so contrary to the testimony as would justify this court in setting the verdict aside.

Some questions have been presented as to rulings upon the admissibility of testimony which we have considered, and they are decided against appellants. Error has also been assigned because of the refusal of certain requested instructions, but we hold that reversible error is not shown in that regard.

[8, 9] If the property is the defendant's homestead, it is not subject to partition, even if it be community property, in which event Mrs. Bird would be the owner of an undivided half interest, subject to the defendant's right to use the property as a homestead. Therefore, if the question of homestead had been the only defense, we might hold that the court erred in not submitting to the jury appellants' requested charge upon the issue of abandonment of the homestead right; but, if it be conceded that the property was not homestead, still, if it was the separate property of the defendant, as found by the jury, the plaintiffs are not entitled to recover; and therefore the judgment should be affirmed.

Hence we conclude that appellants are not entitled to have the case reversed, unless it appears that material error was committed upon both issues, namely, separate property and homestead right; and, as no such error has been shown upon the issue of separate property, our conclusion is that the case should not be reversed.

[10] As to the question of innocent purchaser, we are of the opinion that the testimony was not such as entitled appellants to have that issue submitted to the jury. Mrs. Bird bought the property while it was in litigation. She not only had constructive notice of the fact that the defendant was claiming the property, but the undisputed proof shows that she had actual knowledge of the pendency of the suit, and had been assisting her son in its prosecution. Before she purchased her son's claim to the property, the defendant had filed an answer denying that he had any interest therein. The facts referred to constitute sufficient notice to prevent Mrs. Bird from being a bona fide purchaser in good faith; but, in addition to that, the testimony fails to show that she paid what is deemed in law a valuable consideration.

The testimony did not raise the question of estoppel; and therefore we decide against appellants on that point.

Our conclusion is that the judgment should be affirmed; and it is so ordered.