## ATTEBERY et al. v. STRINGER et al.
### (No. 3507.)

Court of Civil Appeals of Texas. Texarkana.
Feb. 16, 1928.

Rehearing Denied Feb. 23, 1928.

1. **Husband and wife** ⊙⊳264—**Recital in deed that consideration was out of wife's separate estate established prima facie that land became wife's separate estate.**

Where land was conveyed to a married woman by deed, recital therein that consideration was out of her separate estate rebutted presumption which, but for its presence in deed, would have to be indulged that land became part of community estate of grantee and husband, and established prima facie that it became part of grantee's separate estate.

2. **Husband and wife** ⊙⊳256—**Recited conveyance to wife, in consideration of $1 and her assuming vendor's lien note, never paid, did not make land her separate property.**

Though deed recited that consideration for conveyance of land to a married woman was all out of her separate estate, she did not acquire separate interest in land, where named consideration of $1 and note assumed by her, and secured by vendor's lien retained on land, were never paid.

3. **Husband and wife** ⊙⊳264—**Evidence held not to require finding that land alleged to have been exchanged for land conveyed to married woman was her separate estate.**

In married woman's suit to cancel trust deed executed by her husband, on ground that land was plaintiff's separate property, evidence *held* not to preclude finding that land alleged to have been transferred as part of consideration for land involved was not her separate property, as she alleged.

4. **Husband and wife** ⊙⊳249—**Land deeded to wife in exchange for community land became community estate, not wife's separate estate, where husband was insolvent (Vernon's Sayles' Ann. Civ. St. 1914, art. 3967).**

Where land belonging to community was exchanged for other land conveyed by deed made to wife, land did not become a part of wife's separate estate, where, at time of conveyance, husband was insolvent, and could not, under Vernon's Sayles' Ann. Civ. St. 1914, art. 3967, make conveyance to her as against his creditors.

5. **Husband and wife** ⊙⊳266—**Solvent husband may give community property to wife.**

A solvent husband may give community property to his wife.

Appeal from District Court, Red River County; R. J. Williams, Judge.

Suit by Mrs. Utie Attebery and husband against Bernice Stringer and others. From a judgment for the defendants, plaintiffs appeals. Affirmed.

By a deed dated June ———, 1918, duly filed for record January 24, 1924, J. E. Laney and his wife conveyed 7¾ acres of land in Red River county to appellant Utie Attebery, wife of appellant J. P. Attebery. The sole consideration for the conveyance, according to recitals in the deed, was $1 paid, and the assumption by Mrs. Attebery of the payment of a promissory note for $878.89, made by said Laney, dated September 10, 1917, payable September 10, 1918, to the Detroit State Bank of Detroit, and secured by a vendor's lien retained on the land. By an instrument dated March 21, 1923, said J. P. Attebery undertook to convey the land to W. M. Metcalf, but in trust to secure the payment (it was recited in the instrument) of said J. P. Attebery's promissory note for $1,014.60, dated said March 21, 1923, payable November 8, 1923, to the order of the Detroit State Bank. Afterwards, to wit, on April 8, 1926, Metcalf, in compliance with terms of the trust deed, sold the land at public auction. The Guaranty State Bank of Detroit, successor to said Detroit State Bank of Detroit, and owner of the $1,014.60 note, was the purchaser at the sale, and the trustee conveyed the land to it by his deed dated said April 8, 1926. This suit was by Mrs. Attebery, joined pro forma by her husband J. P. Attebery, against Bernice Stringer and his wife, Emma Stringer, and the Citizens' State Bank of Detroit, successor to the Guaranty State Bank of Detroit. It was to cancel the deed in trust to Metcalf and Metcalf's deed as trustee to said Guaranty State Bank of Detroit and recover the land, and for damages. The trial was to the court without a jury. The judgment denied Mrs. Attebery a recovery of anything, and was in favor of the Stringers for costs they incurred, and in favor of said Citizens' State Bank of Detroit for the land and for costs of the suit. This appeal was prosecuted by Mrs. Attebery, joined by her husband, said J. P. Attebery.

Thompson & McWhirter, of Greenville, and A. C. Tisdale, of Detroit, for appellants.

Robbins & Bailey, of Clarksville, for appellees.

WILLSON, C. J. (after stating the facts as above). [1] Appellants insist it conclusively appeared from the evidence heard at the trial

that the land in controversy was a part of Mrs. Attebery's separate estate, and that for that reason the judgment should have been in her favor.

The evidence was that the deed to the land from the Laneys was to Mrs. Attebery, and that it contained a recital that the consideration for the conveyance was "all out of her separate estate." The effect of the recital was to rebut a presumption, which but for its presence in the deed would have to be indulged, that the land became a part of the community estate between Mrs. Attebery and her husband, and to establish prima facie that it became, instead, a part of her separate estate. McCutchen v. Purinton, 84 Tex. 603, 19 S. W. 710; Merriman v. Blalack, 56 Tex. Civ. App. 594, 121 S. W. 552. Therefore, whether appellants' contention should be sustained or not depends, it seems, upon whether there was evidence the trial court had a right to say sufficiently rebutted the prima facie showing made by the recital.

[2] It will be noted, on referring to the statement above, that, according to recitals in the deed to Mrs. Attebery, the sole consideration for the conveyance was $1 paid by her and the assumption by her of the payment of a promissory note for $878.89 made by J. E. Laney and secured by a vendor's lien retained on the land. It appeared from undisputed testimony that the $1 referred to as paid was not in fact paid, and that no part of the note referred to was ever paid. Indeed, it appeared without contradiction in the evidence that the $1,014.60 note secured by the trust deed referred to in said statement was made by J. P. Attebery as a renewal, or to take the place of said note for $878.89. So, it seems, no part of the consideration recited in the deed to Mrs. Attebery to have been, and to be paid, out of her separate estate was ever in fact paid. The case, so far as stated, is like Harrison v. Mansur-Tibbetts Implement Co., 16 Tex. Civ. App. 630, 41 S. W. 842, where it was held that:

"A conveyance to the wife in consideration of her assumption of a debt secured by a vendor's lien on the land, does not make the land her separate property, as she cannot acquire a separate interest in land entirely on a credit."

[3] But appellants insist it appeared the consideration recited in the deed to Mrs. Attebery was not the only consideration for the conveyance, and refer to evidence tending to show that land situated in Arkansas and belonging to Mrs. Attebery's separate estate was exchanged for that in controversy. The evidence referred to was testimony of J. P. Attebery that Mrs. Attebery's mother gave her a tract of land in Hunt county, which was exchanged for lots on Roberts street in Greenville, which were exchanged for the land in Arkansas. If that testimony was not directly contradicted, it was indirectly by deeds admitted as evidence showing that the Arkansas land was conveyed by Robert Summers and his wife to said J. P. Attebery, not to Mrs. Attebery, November 1, 1917; the consideration being, as recited in the deed, $1,800 paid and $700 in vendor lien notes then made by said J. P. Attebery, whereas the Roberts street lots claimed to have been exchanged therefor were not conveyed by the Atteberys to Summers until December 26, 1917; the consideration being, as recited in the deed, the assumption by Summers of the payment of taxes thereon for 1917, $1,250 due the Scottish American Mortgage Company, secured by a mortgage on lots, and $700 due Mrs. Eula F. Rizer, secured by a vendor's lien thereunder. In that state of the evidence we think it is plain the trial court had a right to discredit the testimony that the Roberts street lots were exchanged for Arkansas land and to allow the recitals in the deeds to control in determining the consideration therefor.

[4, 5] If the trial court might have done that, of course he had a right to conclude that the Arkansas land belonged to the community estate between appellants, and not to Mrs. Attebery's separate estate. It would follow, the Arkansas land belonging to said community estate, if that land was exchanged for the land in controversy, the latter became a part of said community estate, and not a part of Mrs. Attebery's separate estate, unless it should be said it appeared Mrs. Attebery's husband, J. P. Attebery, having a right to give same to her, intended to do so when he had the deed thereto made to her. It is held that a solvent husband may give community property to the wife. Cauble v. Beaver-Electria Refining Co., 115 Tex. 1, 274 S. W. 120; Johnson v. Johnson (Tex. Civ. App.) 207 S. W. 202. But an insolvent husband cannot do that as against his creditors. Article 3967, Vernon's Sayles' Ann. Civ. St. 1914; Maddox v. Summerlin, 92 Tex. 483, 49 S. W. 1033, 50 S. W. 567. It appeared without contradiction in the evidence that J. P. Attebery was insolvent at the time the land in controversy was conveyed to Mrs. Attebery. On the facts stated, we think the trial court had a right to say the land in controversy belonged to the community estate, and overrule appellants' contention to the contrary.

Contentions of appellants not in effect disposed of by what has been said relate to rulings of the trial court excluding testimony they offered and rulings admitting testimony they objected to. We are inclined to think the rulings questioned were correct, but, if they were erroneous, we are satisfied the errors in them should be treated as harmless within the meaning of rule 62a for the government of Courts of Civil Appeals.

The judgment is affirmed.