BURRUSS v. MURPHEY.   (No. 7210.)

Court of Civil Appeals of Texas. Austin. April 18, 1928.

1. Husband and wife ⬳262(1)—Presumption that property conveyed to wife as separate property constitutes her separate estate is not conclusive.

Presumption that property conveyed to wife, with reservation in deed that it was to be her separate property or that it was purchased with her separate funds, constitutes separate estate of wife, is not conclusive, but is rebuttable by proper proof.

2. Husband and wife ⬳247—Legislature cannot enlarge on constitutional provisions relative to wife's separate property (Const. art. 16, § 15; Rev. St. 1925, art. 4619).

Legislature has no power to enlarge on provisions of Const. art. 16, § 15, defining separate property of wife, so as to make that separate property of wife which would otherwise be community property as defined by Rev. St. 1925, art. 4619.

3. Husband and wife ⬳254—Property acquired by wife during coverture with community funds descended to husband on wife's death intestate (Rev. St. 1925, art. 2578).

Under Rev. St. 1925, art. 2578, property acquired by wife during coverture with community funds descended to husband on wife's death intestate, notwithstanding deeds were taken in name of wife as her separate estate.

Appeal from District Court, Bexar County; W. S. Anderson, Judge.

Action by Frances Z. Burruss and husband against Charles F. Murphey. Judgment for defendant, and plaintiff named appeals. Affirmed.

Nelson Lytle and Watson & Chapin, all of San Antonio, for appellant.

J. R. Norton and G. O. Brown, both of San Antonio, for appellee.

BAUGH, J. Appellant, joined pro forma by her husband, as plaintiffs below, sued the appellee for partition of certain lands in Bexar county, claiming that said lands were the

separate property of her deceased sister, Ida C. Murphey, who was the wife of appellee.

The case was tried to the court without a jury, and judgment rendered for the defendant, from which this appeal is prosecuted.

We copy the following statement of the question here involved from appellant's brief:

"This appeal presents only one substantial question of law, and that is whether the property in controversy is the separate property of Ida C. Murphey, deceased, or the community property of her and her husband, Charles F. Murphey."

Upon request made, the trial court filed the following findings of fact material to our inquiry here:

"That all of the property involved in this litigation was purchased with, money sent by said Charles F. Murphey from Chicago to said Ida C. Murphey, in San Antonio, for the purpose of buying property for their community estate; that all of the negotiations in San Antonio were conducted by said Ida C. Murphey, and said Charles F. Murphey would send the money, when and as requested, with which to pay for said property; that said Charles F. Murphey did not know until after the death of said Ida C. Murphey that the title to said property when purchased was taken in the name of Ida C. Murphey and ,for her separate estate and benefit, and for her sole and separate use and benefit; that said titles were so taken without the knowledge or consent of said Charles F. Murphey, and were so taken and paid for with money sent by him to her out of their community earnings and for the purpose of buying property for their joint use and benefit and for their community estate; the said Charles F. Murphey never caused any of said deeds to be written or taken in the name of Ida C. Murphey for her sole use and benefit and for her separate estate, and did not know the same had been done until after the death of said Ida C. Murphey; that, during the time said property was being bought, and after it was bought, the said Charles F. Murphey lived in the city of Chicago, in Illinois, and was in San Antonio, Tex., only at rare intervals every two or three years, and· then only for a day or two at a time, when he would return to Chicago, and that he never at any time saw. any of the deeds executed to his wife until after the death of his wife, Ida C. Murphey, she at all times keeping the deeds, and paying the taxes due thereon out of money he would send her.

"Said property was paid for out of the community estate of said Charles F. Murphey and Ida C. Murphey, and that the said Charles F. Murphey never at any time made a gift to his said wife Ida C. Murphey of his interest in said property or any part thereof. The property involved in this litigation was acquired during the marriage of said Ida C. Murphey and Charles F. Murphey, and was not acquired by gift, devise, or descent by said Ida C. Murphey, nor with her separate money or estate. The said Ida C. Murphey died without issue, and intestate. The said Ida C. Murphey attended to, the drawing of all title papers to said property, including the deeds offered in evidence, and same were not prepared by said Charles

F. Murphey, nor under his direction, nor by his attorney or attorneys, and he never knew of the recitals therein until after the death of said Ida C. Murphey."

Based upon these findings of fact, the trial court concluded as a matter of law that the property involved was the community property of Ida C. Murphey and Charles F. Murphey; and, the said Ida C. Murphey having died intestate, said property was awarded to Charles F. Murphey, under the law of descent and distribution.

No useful purpose would be served by setting out the testimony here. Suffice it to say that we have read carefully the statement of facts, and find that the proof amply supports the findings of fact ·made by the trial court.

[1] Appellant cites us to cases announcing the well-settled rule· of law that, where property is conveyed to the wife with a recitation in the deed that it is to be her separate property, or that it is purchased with her separate funds, or if same is deeded to her with the full knowledge and consent of the husband, or under his directions, such recitations or facts create a presumption that said property is the separate estate of the wife. Such a presumption, however, is not conclusive, but is always rebuttable by proper proof. Kahn v. Kahn, 94 Tex. 114, 58 S. W. 825; McCutchen v. Purinton, 84 Tex. 603, 19 S. W. 710; Kearse v. Kearse (Tex. Civ. App.) 262 S. W. 565, affirmed in (Tex. Com. App.) 276 S. W. 690; Strickland v. Baugh (Tex. Civ. App.) 169 S. W. 181.

The deeds in question to the lands involved in this suit created a presumption that these lands were the separate property of Ida C. Murphey; but the testimony on which the court based its findings of fact 'clearly rebutted ·and repudiated this presumption, and sustained the finding that the lands in question were community property of the appellee and his deceased wife.

[2] What constitutes community property is clearly defined by article 4619, Revised Statutes 1925. What constitutes separate property of the wife is defined by article 16, § 15, of the Constitution of Texas, neither of which it ·is necessary to set out here. Nor can the Legislature enlarge upon the provisions of the Constitution and make that separate property of the wife which would otherwise be community property. Arnold v. Leonard, 114 Tex. 535, 273 S. W. 799; Northern Texas Traction Co. v. Hill ,(Tex. Civ. App.) 297 S. W. 780.

[3] The trial court's findings of fact being supported by the evidence, under article 2578, R. S. 1925, its judgment was the only proper judgment that could have been rendered in the case.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.