## SKINNER v. SKINNER.

### No. 11698.

Court of Civil Appeals of Texas. San Antonio.

April 30, 1947.

Rehearing Denied May 28, 1947.

Tynan, Taylor, Calhoun & Robinson, of San Antonio, for appellant.

Woodville J. Rogers, of San Antonio, for appellee.

NORVELL, Justice.

This is a divorce case tried to the court without a jury. No express finding of fact or conclusions of law were filed.

By the judgment Adele T. Skinner was awarded a divorce from Walter S. Skinner. The court found that certain property was the community property of the parties and effected a division thereof.

The judgment also contained the following recitations: "It further appearing to the Court that plaintiff is the owner of certain property in her own separate right, to-wit, a bank account in her name in the Bexar County National Bank of San Antonio with a balance of approximately $3,000.00, one note in the sum of $5,000.00 payable to the plaintiff, signed by her son, John Skinner, one 1941 Buick automobile, one house and lot on Perry Court in the City of San Antonio, purchased by plaintiff during the year 1946 out of her own separate funds; the Bandera County Ranch, the house and lot on Perry Court in the City of San Antonio, and the Milam County farm are plaintiff's separate property and since the plaintiff has title to the same no adjudication is here made with respect thereto except to declare that said ranch, said house and lot and said farm are the plaintiff's separate property. Plaintiff also owns a Chevrolet truck and a tractor, both of which are her separate property and all of the above listed separate property is hereby awarded to the plaintiff."

Neither the decree of divorce, nor the division of the community property provided for in the judgment is attacked here. Walter S. Skinner's appeal is restricted to the findings or recitals in the judgment relating to the separate property of Adele T. Skinner. Appellant's two points suggest a lack of pleadings and a lack of evi-

dence to support the judgment in the particular mentioned.

Appellant and appellee were divorced in 1935. They remarried on July 6, 1940. It is undisputed that at the time of this second marriage appellee was possessed of a considerable separate estate.

■ Neither appellee's petition nor appellant's answer contained a complete itemized list of that property claimed as community, nor that claimed by appellee as separate property. Appellee prayed for a division of the community property and a large portion of the evidence included in the statement of facts relates to the issue of whether or not particular properties were community, and hence subject to division, or were a part of the wife's separate property, and consequently not subject to division in this proceeding. This evidence was not germane to any other issue having a basis in the pleading. No objection was made to its introduction, consequently, the point is controlled by State v. Bednarz, 142 Tex. 138, 176 S.W.2d 562. We overrule appellant's first point.

■ As supporting his second point, appellant calls attention to the well-established rule in Texas that "the presumption of the community character of property acquired by either spouse during marriage is very strong, and can be overcome only by clear and convincing proof that it belongs to one or the other of them, and that the burden of proving its separate character is always upon him who asserts it." Speer's Law of Marital Rights in Texas, 3d Ed., p. 369.

■ In this case the trial court held that appellee had met the burden cast upon her under the rule stated, and after a review of the evidence we conclude that we are unauthorized to disturb that finding. The findings as to separate property are to a large extent, although not wholly, dependent upon the testimony given by Mrs. Skinner. It was the province of the trial judge to pass upon her credibility as a witness.

There appears in the statement of facts an audit prepared for both Mr. and Mrs. Skinner. It was suggested by both parties that this audit be received in evidence. It is some 22 pages in length, and covers a period of time from July 6, 1940 (the date of the second marriage) until December 31, 1945, and shows deposits and withdrawals from various bank accounts maintained by both Mr. and Mrs. Skinner. It discloses deposits of funds which were undoubtedly the separate property of Mrs. Skinner, and while certain funds of separate origin were deposited from time to time in a banking account generally used for the deposit of community funds, these separate funds can be traced into and out of the bank account. The same is true of community funds deposited in a bank account generally used for separate funds. Seemingly the parties were endeavoring to maintain a distinction between community and separate funds and prevent commingling of a nature which would prevent a successful tracing of funds. For instance, the audit discloses that in 1941 Walter S. Skinner received from Adele T. Skinner, as repayment of cash loans, $3,000.00; reimbursement for tractor, $1,400.00; reimbursement for Chevrolet, $200.00. The audit shows corresponding expenditures made out of the bank account of Walter S. Skinner. Other examples might be given, but this indicates an attempt by the parties to maintain the distinction between separate and community funds.

Mrs. Skinner testified that she owned a ranch, known as Marathon Ranch, which was her separate property; that she sold it and had approximately $20,000.00 of the proceeds on deposit in the Bexar County National Bank at the time the suit was filed; that out of this money she paid $9,-500.00 for a home in San Antonio (a house and lot on Perry Court); that she bought a Buick automobile for $1200.00; that she loaned her son $5000.00 on a promissory note; that certain other expenditures were made, and that she had approximately $3,-000.00 of said funds remaining on deposit with the bank.

We conclude that the evidence supports the trial court's findings. Appellant's second point is overruled.

The judgment appealed from is affirmed.