**MORRIS v. NEIE.**

No. 2664.

Court of Civil Appeals of Texas. Eastland.

May 7, 1948.

Rehearing Denied June 11, 1948.

Second Rehearing Denied July 16, 1948.

Dibrell, South & Snodgrass, of Coleman, for appellant.

W. Marcus Weatherred, of Coleman, for appellee.

LONG, Justice.

W. H. Neie instituted this suit against Earl Morris in trespass to try title alleging ownership of an undivided one-half interest in two acres of land in Blocks Nos. 11, 12, and 13, of Clow's Second Farm Addition to the town of Coleman. Defendant answered by a plea of not guilty and alleged that he was the owner of the entire interest in the property by purchase from the former wife of the plaintiff to whom said property was conveyed as her sole and separate estate. Upon a trial before the court, with the aid of a jury, judgment was entered decreeing that plaintiff and defendant were the joint owners of the property and that each owned an undivided one-half interest thereof, and that the property was not susceptible to partition. The court appointed a receiver and directed him to sell the property for cash at private sale. From this judgment, the defendant has appealed.

The controlling question presented is whether the property involved is the separate property of the former wife of the plaintiff.

Plaintiff and Clemmie Neie (now Mrs. C. D. Bull) were married on May 16, 1921. They were divorced on the 3rd day of March, 1945. The suit for divorce was filed by Mrs. Neie. In her petition she alleged that the property involved herein was the community property of herself and husband, W. H. Neie. The court, in its judgment granting the divorce, found that the property was community property of plaintiff W. H. Neie and his wife, and set it aside for the use and benefit of the wife and her two children as a home. Thereafter, Mrs. Neie married C. D. Bull and was his wife at the time of the trial of this case.

On the 19th day of March, 1947, Clemmie Neie Bull, joined by her husband, C. D. Bull, for a cash consideration of $2,500.00, conveyed to the defendant, Earl Morris, all their right, title and interest (which they guaranteed to be not less than a one-half interest) in and to the two acres of land involved in this suit.

On the 10th day of September, 1941, William Lobstein and wife conveyed the property involved to Clemmie Neie for a consideration of $1,000.00, of which $340.00 was cash and the further consideration that W. H. Neie had executed four vendor's lien notes in the sum of $165.00 payable to William Lobstein, in which deed it was recited that the consideration was paid and secured to be paid by Mrs. Neie out of her own separate funds.

All property acquired by the wife after marriage by gift, devise or descent, is her separate property. Article 4614, Revised Civil Statutes, Vernon's Ann.Civ.St. art. 4614. All property acquired by the wife during marriage, except that which is her separate property, is community property of the husband and wife. Article 4619, Sec. 1, Revised Civil Statutes, Vernon's Ann. Civ.St. art. 4619, § 1.

The deed from William Lobstein to Mrs. Neie (now Mrs. Bull) recites that the consideration was paid and secured to be paid by the grantee out of her own separate funds. If this recital creates a presumption that the property conveyed is the separate estate of Mrs. Neie, nevertheless, such presumption is only prima facie and not conclusive. Kearse v. Kearse, Tex. Com.App., 276 S.W. 690.

The jury found that the original cash payment of $340.00 for the property

was made from the proceeds of the sale of property inherited by W. H. Neie, and that W. H. Neie did not know at the time of the execution of the deed that said property was conveyed to Clemmie Neie as her separate property. These findings have ample support in the evidence. The plaintiff overcame the presumption, if any, arising from the language in the deed that the property was paid for out of the separate funds of Clemmie Neie and by the evidence raised an issue of fact on that question which was by the jury, resolved in his favor. Plaintiff did not direct that the deed be made to his wife and did not know until long after its execution that the property was conveyed to her as her separate estate. Mrs. Bull, formerly Mrs. Neie, never at any time claimed the property as her separate estate but at all times recognized that her former husband had a one-half interest therein. It is conclusively established that the defendant knew at the time he purchased the property that Mrs. Bull did not claim the property as her separate estate but that she recognized the fact that her former husband owned a one-half interest therein. This is established by the parol evidence and by the contract of sale between Mrs. Bull, joined by her husband, and the defendant. In such contract, Mrs. Bull and her husband agreed to sell to the defendant all of their right, title and interest in and to the two acres of land with the further provision therein, "when second party shall have acquired the interest owned by Will Neie, first party shall have the right to remove from lot the brooder house and one cross-fence partition fence on east side."

The notes given as part of the consideration by W. H. Neie for the purchase of the property involved were paid out of the community estate of W. H. Neie and his former wife, now Mrs. Bull. In view of the findings by the jury that the cash consideration for the property was paid out of funds inherited by W. H. Neie, and of the further finding by the jury that W. H. Neie, at the time of the execution of the deed from Lobstein to Mrs. Neie, did not know that said property was conveyed to Clemmie Neie as her separate estate, we are of the opinion that the property involved herein was the community property of plaintiff and his former wife. Therefore, the trial court did not err in refusing to vest title to the entire estate in the defendant. It is our opinion that the defendant acquired only an undivided one-half interest in the property under the deed from Mrs. Bull and her husband. Burruss v. Murphey, Tex. Civ.App., 5 S.W.2d 612; Janes et al., v. Gulf Production Co., Tex. Civ.App., 15 S. W.2d 1102; Strickland v. Baugh, Tex.Civ. App., 169 S.W. 181 (writ ref.); Pointer v. Pointer, Tex.Civ.App., 197 S.W.2d 504.

The judgment of the trial court is affirmed.

### On Motion for Rehearing.

In a very able motion for rehearing, appellant contends the evidence admitted tended to vary the terms of the deed from the Lobstein to Mrs. Neie and was incompetent and cannot be considered. It is his contention that the consideration expressed in the deed is contractual and in the absence of allegations of fraud, accident, or mistake, cannot be varied by parol evidence. The general rule in Texas is that extrinsic evidence is not admissible to vary a recital of a consideration in a deed which is contractual in nature. 14 Tex. Jur., page 814, Sec. 54. The deed from Lobstein and wife to Mrs. Neie recited a consideration of $1,000 paid and secured to be paid by Mrs. Clemmie Neie out of her own separate funds; $340 cash and the further consideration that W. H. Neie had executed four vendor's lien notes. The recital of the consideration paid in cash is not contractual in nature and can be varied without allegation of fraud, accident or mistake. 14 Tex.Jur., 812; 23 Tex.Jur. 360. Evidence admitted to the effect that the $340 cash was paid out of the separate funds of the plaintiff Neie was admissible.

Further, the testimony that the vendor's lien notes were paid out of the community funds of Neie and his former wife, Mrs. Bull, was also admissible. It was not necessary for Neie to plead fraud, accident or mistake.

The deed recited the consideration to be $1000 paid "and secured to be paid by Mrs. Clemmie Neie, out of her separate funds, as follows:

"Three Hundred Forty Dollars cash in hand, receipt of which is hereby acknowledged, and the further consideration that the said W. H. Neie has executed four vendor's lien notes of even date herewith, each for the sum of $165.00, * * *."

 The deed being executed to Mrs. Neie while married to W. H. Neie, the presumption arose that the lots were community property. John Hancock Mut. Life Ins. Co. v. Bennett, 133 Tex. 450, 128 S.W. 2d 791; 23 Tex.Jur., 355, 358. The presumption certainly was not conclusively rebutted by recitals in the deed. As to the credit portion of the purchase price, in order for the deed to evidence the fact that the lot was the separate property of Mrs. Neie, it was essential that the deed show that the purchase was made with the bona fide intention that Mr. Neie was to pay the notes out of her own funds and that the credit was extended to her alone and not to the husband or the community. 23 Tex.Jur., 92; Attebery v. Stringer, Tex. Civ.App., 3 S.W.2d 935 (writ dis.); Gleich v. Bongio, 128 Tex. 606, 612, 99 S.W.2d 881. The deed shows on its face that the lot was purchased with an obligation binding on the husband. The vendor's lien notes were signed by the husband alone. Neither the deed nor any other evidence tends to show the fact essential to support appellant's contention that the vendor agreed with the vendee to look only to the separate estate of Mrs. Neie for satisfaction of the deferred payments.

The deed shows that the deferred payments were to be paid by Mr. Neie. He alone executed the notes. The language of the deed, we think, requires the conclusion that the lot was community property. If, however, the general statement in the deed that the deferred payments were "secured" to be paid out of the separate funds of Mrs. Neie (which is clearly refuted by the recitals that Mr. Neie alone executed the notes) constitutes an ambiguity. Parol evidence was admissible to explain the ambiguity consistent with the statement in the deed that the consideration for the deed, in addition to the cash paid, was "that the said W. H. Neie has executed four vendor's lien notes of even date herewith, each for the sum of $165.00 * * *." 17 Tex.Jur. 865; Magnolia Warehouse & Storage Company v. Davis & Blackwell, 108 Tex. 422, 425, 195 S.W. 184.

 There is another reason not discussed in our original opinion why this case should be affirmed. It is our opinion the divorce suit between plaintiff and his former wife settled their property rights and the defendant Morris is estopped to assert that the property in question is the separate property of Mrs. Bull. As stated in our original opinion, Mrs. Bull (formerly Mrs. Neie) in her divorce petition filed against her former husband, W. H. Neie, alleged that the property involved herein was community property. The court found as a fact that such property was the community property of the plaintiff and his former wife. The defendant in this case took no greater interest in the property under his deed from Mrs. Bull than she had therein. 26 Tex.Jur., page 192.

The motion for rehearing is overruled.