**ASBERRY v. FIELDS et al.**

No. 2872.

Court of Civil Appeals of Texas. Eastland.

June 15, 1951.

Rehearing Denied Sept. 7, 1951.

John E. V. Jasper, George M. Field, Dallas, for appellant.

Burt Barr, G. Q. Youngblood, Dallas, for appellees.

LONG, Justice.

This suit was instituted by Ann Fields, et al., as surviving heirs of Carolyn C. Fields, deceased, against Charles W. Asberry, in trespass to try title, to recover certain real estate in Dallas County, and, by their second count, to recover $3,917 on deposit with the First National Bank of Dallas and $700 in the Teachers' Retirement Fund. Asberry answered by plea of not guilty and filed a cross-action in which he alleged he was the surviving husband of Carolyn C. Fields and the duly appointed administrator of her estate. A trial was had before the court with the aid of a jury. The court submitted only one issue to the jury, inquiring whether Charles W. Asberry and Carolyn C. Fields were married on or about December 27, 1926. The jury answered in the affirmative. The court entered judgment that all the property involved in the suit was the separate property of Carolyn C. Fields and that plaintiffs recover one-half of the real property in fee and that defendant, Charles W. Asberry, recover all of the personal property and one-half of the real estate. From this judgment, Asberry has appealed.

Appellant contends the court erred in holding the property was the separate property of Carolyn C. Fields in the absence of a finding by the jury that such property was her separate property. We must sustain this contention. The evidence discloses that Asberry and Carolyn C. Fields were both teachers in Dallas; that in 1926, under the rules then in existence, a married woman was not permitted to teach in the Dallas schools. Asberry and Carolyn C. Fields were secretly married in 1926 and such marriage was never dissolved until the death of Carolyn C. Fields on July 29, 1947. Asberry and Carolyn C. Fields did not live together openly as man and wife, however,

viewing the evidence from the standpoint of appellant, the fact of their marriage was known to the family of Carolyn C. Fields and to some of their close friends. There is in evidence five deeds conveying separate pieces of real estate to Carolyn C. Fields. These deeds were all executed during the time that Asberry and Carolyn C. Fields were man and wife. None of the deeds contain any statement that the consideration came from the separate funds of Carolyn C. Fields or that the property was her separate estate. There is evidence that appellant handled all of the transactions for his wife and that he caused the deeds to be made to Carolyn C. Fields as a feme sole. Under Article 4619, Vernon's Revised Civil Statutes, all property acquired by either husband or wife during marriage shall be deemed common property and all effects the husband and wife possess at dissolution of their marriage shall be regarded as common effects unless the contrary be satisfactorily proved.

It is the settled law of this state that property acquired during marriage takes that status as separate or community property at the very time of its acquisition. The status is fixed by the facts of its acquisition at the time thereof. Lusk v. Parmer, Tex.Civ.App., 87 S.W.2d 790; Stiles v. Hawkins, Tex.Com.App., 207 S.W. 89; Gebhart v. Gebhart, Tex.Civ.App., 61 S.W. 964; Creamer v. Briscoe, 101 Tex. 490, 109 S.W. 911, 17 L.R.A.,N.S., 154; Speer's Law of Marital Rights in Texas, Third Edition, page 414, Section 339.

We believe that whether the property was the separate property of Carolyn C. Fields was a question of fact and should have been submitted to the jury. It is certainly not conclusively established that it was her separate property. The property having been acquired by Carolyn C. Fields during the time she was the wife of Asberry, it was incumbent upon appellees, in order to overcome the presumption that it was community property, to introduce evidence on this issue. We believe the fact that Asberry caused the property to be placed in the name of Carolyn C. Fields

as a feme sole, and other circumstances in the case, raise an issue of fact. Where the title is not limited to the sole separate use of the wife, the fact that the deed is taken in her name at the instance of or with the knowledge and consent of the husband, tends to show that he intended the title should vest separately in her and is sufficient to raise an issue on that question. 23 Tex.Jur., pages 159, 161, Secs. 129 and 131, and cases therein cited. See also Morris v. Neie, Tex.Civ.App., 212 S.W.2d 981; Van v. Webb, 147 Tex. 299, 215 S.W.2d 151.

We believe the court erred in holding that the property was the separate property of Carolyn C. Fields. We are of the opinion that proper issues of fact should have been submitted to the jury on this phase of the case.

The judgment of the trial court is reversed and the cause remanded.