Manuel L. GARCIA et al., Appellants,

v.

Maria Christina Garcia BRADLEY,
Appellee.

No. 13319.

Court of Civil Appeals of Texas.

San Antonio.

March 19, 1958.

Fitzgibbon & Goodwin, John Ryan, Laredo, for appellants.

Carlos Castillon, Austin, Ed Idar, Jr., Laredo, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Manuel L. Garcia, C. M. Garcia and Juan L. Garcia against Maria Christina Garcia Bradley, her husband, James M. Bradley, and nine other persons, seeking a partition of a parcel of land described as Lot 1, Block 269, in the Western Division of the City of Laredo, Webb County, Texas.

The plaintiffs claimed an undivided interest in the lot as heirs of Manuel L. Garcia and his wife, Elena Garza de Garcia. These parties will hereafter be referred to as father and mother. On March 9, 1908, Ferdinand Wormser conveyed the lot to the mother, Elena Garza

de Garcia, for $75 cash and $200 in vendor's lien notes, all of which purchase money was paid out of community funds. The father died in 1941, and the mother, in 1952. Prior to her death, on April 16, 1951, the mother conveyed the property to her daughter, Maria Christina Garcia Bradley. If the property was the separate property of the mother she conveyed good title to her daughter, Mrs. Bradley, but if it was community property, plaintiffs owned an undivided interest therein. The trial court, after hearing the evidence, found that it was the separate property of the mother and denied the partition. The plaintiffs have prosecuted this appeal.

■ The one question presented is whether or not the lot here involved was the separate property of the mother, Elena Garza de Garcia. The lot was acquired during marriage and paid for out of community funds, and under the law there would be a strong presumption that it was community property. The property was deeded to the mother, but this taken alone would be insufficient to show that it was her separate property, especially since the deed did not recite that the property was for the sole use and benefit of the mother.

■ Where, as here, the property was paid for out of community funds but deeded to the wife, it must be shown by clear and satisfactory testimony that the husband intended at the time of acquiring the property, to make a gift of it to his wife, and intended that the property should be her separate property. 23 Tex. Jur. 161, § 131; Harkness v. McQueen, Tex.Civ.App., 232 S.W.2d 629; Skinner v. Skinner, Tex.Civ.App., 202 S.W.2d 318;

Wilson v. Wilson, 145 Tex. 607, 201 S.W. 2d 226.

None of the witnesses who testified claimed to have any knowledge of the facts surrounding the execution of the original deed in 1908. All of their testimony relates to what was said and done at a much later time.

■ The appellee, Mrs. Bradley, testified in effect that her father had told her that he intended at the time he bought the property, that her mother should have the property. This testimony was objected to as being in violation of the dead man's statute, Art. 3716, Vernon's Ann. Civ.Stats., and, of course, should have been excluded. The trial court apparently heard the evidence only because it was a trial without a jury, and we must presume that he did not take this testimony into consideration in rendering judgment. Waxler v. Klingemann, Tex.Civ.App., 272 S. W.2d 746; 3–B Tex.Jur. 383, § 915.

■ The only other testimony was that of two witnesses who had visited in the home, many years after the execution of the deed in 1908, and heard the father say that it was the mother's home. This testimony was insufficient to overcome the presumption that the property acquired during marriage and paid for with community funds was the community property of the spouses. Stoppelberg v. Stoppelberg, Tex.Civ.App., 222 S.W. 587; Smith v. Buss, 135 Tex. 566, 144 S.W.2d 529; Asberry v. Fields, Tex.Civ.App., 242 S.W.2d 241.

The judgment will be reversed and the cause remanded.