**William BLACK et al., Appellants,**

v.

**M. E. DANBOM et ux. and the Estate of Mrs. R. F. Herring, Deceased, Appellees.**

**No. 17139.**

Court of Civil Appeals of Texas, Fort Worth.

Oct. 23, 1970.

---

Hooks, Wyrick & Rodehaver, and Kelvin Wyrick, Dallas, for appellants.

Saunders, Caldwell & Schmidt and Gene W. Caldwell, Tyler, for appellees.

## OPINION

LANGDON, Justice.

This suit was brought by a group of the heirs of Robert Fleming Herring, deceased, for title to approximately sixty-three acres of land in Smith County, Texas. Certain other heirs were joined as involuntary plaintiffs. The defendants are Jewell Danbom, daughter of Robert Fleming Herring and Anna Lucille Herring, and her husband, M. E. Danbom, and the Estate of Mrs. R. F. Herring, deceased. The case was tried before the court without a jury. Findings of fact and conclusions of law were made and filed by the court. The appeal based upon four (4) points of error is from the judgment which is based upon such findings and conclusions.

We affirm.

We have examined the entire record in this case. The facts deemed pertinent to this appeal are summarized below:

Robert Fleming Herring and Anna Lucille Herring were married on June 4, 1906. Jewell Herring Danbom was born as issue of such marriage.

On May 19, 1919, Lot No. Eleven in Block No. Thirteen in South Park Height Addition to the City of Tyler, Texas, was conveyed to R. F. Herring (Robert Fleming) by A. W. Orr. This property will hereinafter be referred to as the "city lot."

On September 20, 1922, the property here involved, consisting of approximately 63 acres, was conveyed by Mary Ola Bostick, a feme sole, to Mrs. A. L. Herring.

The above described deed recited that, *"for and in consideration* of the sum of One Thousand Dollars *to me paid by Mrs. A. L. Herring* And *the further consideration that* the said *Mrs. Herring has assumed the payment of an indebtedness of about $1100.00 due the Federal Land Bank*

and held against the land herein conveyed, * * *.

"And *also the further consideration of $500.00 to be paid to me as evidenced by five notes of even date herewith for $100.00 each * * * have GRANTED, SOLD and CONVEYED,* and by these presents *do GRANT, SELL and CONVEY, unto the said Mrs. A. L. Herring of the* County of Smith, State of Texas, all that certain tract or parcel of land towit: (description follows).

"TO HAVE AND TO HOLD the above described premises, * * * unto the *said Mrs. A. L. Herring, her heirs and assigns, forever;* and I do hereby bind myself, my heirs, executors and administrators, to *WARRANT AND FOREVER DEFEND,* all and singular the said premises *unto the said Mrs. A. L. Herring, her heirs and assigns,* against every person whomsoever lawfully claiming, or to claim the same, or any part thereof.

" * * *

"WITNESS my hand at Tyler, Texas this 20 day of Sept. A.D. 1922.

"/s/ Mary Ola Bostick"

(Emphasis ours.)

The acknowledgment on the above deed was taken by I. N. Cross, Notary Public in and for Smith County, Texas, on September 20, 1922.

On the same date, September 20, 1922, the "city lot," acquired from Orr, was conveyed to Mary Ola Bostick by Mr. and Mrs. Herring. The acknowledgments to this deed were also taken by I. N. Cross, Notary Public, on the same date, September 20, 1922.

The city lot conveyed to Bostick by the deed above described represented the $1,-000.00 consideration described in the first paragraph of the deed from Bostick to Mrs. Herring.

The five (5) promissory notes, each in the sum of $100.00, were signed by both Mr. and Mrs. Herring "of even date", i. e., September 20, 1922.

September 20, 1927—A release of the five $100.00 notes was executed. It recited that the five (5) notes were originally signed by both A. L. Herring and R. F. Herring.

May 31, 1930—A typewritten memorandum under this date was signed by Robert F. Herring. It makes no reference to the 63 acre tract by description or by reference to deed records. It was not offered for probate although it possessed some of the characteristics of a will.

June, 1931—Robert Fleming Herring died.

January 23, 1934—Mrs. A. L. Herring conveyed the 63 acres in question to Mrs. Jewell Danbom.

The deed by which Mrs. Herring conveyed the 63 acre tract to her daughter contained the recitation, "and being the same land conveyed to Mrs. A. L. Herring by Mary Ola Bostick by deed dated September 20th, 1922, recorded in Vol. 162, pp. 176–7, Deed Records of Smith County, Texas, *and same being the separate property of the vendor herein."* (Emphasis ours.)

January 29, 1954—The Federal Land Bank lien was released.

February 13, 1964—Mrs. A. L. Herring died. She was the same person as Anna Lucille Herring.

The facts contained in the above summary are undisputed.

The record further reflects that although Mr. Herring died in 1931, the appellants did not file their original petition in this case until 1964. Their first amended original petition was not filed until 1968. These filings occurred some 33 years and 37 years, respectively, after the death of Mr. Herring. This delay is significant since neither Mr. nor Mrs. Herring would be around to give their version of what they had in mind on September 20, 1922. The trial court was

thus placed in the position of judging this matter based upon events of record which took place on September 20, 1922. The original petition was not filed until a short time after Mrs. Herring died.

The court found among other things that the conveyance of the 63 acres in question to Mrs. A. L. Herring was done with the knowledge and consent of Robert Fleming Herring and concluded as a matter of law that:

1. On September 20, 1922, the time of acquisition and acceptance of the deed, Robert Fleming Herring intended for title to the 63 acres in question to vest in Anna Lucille Herring as her separate property. (There is no evidence in this record indicating a contrary intention on the part of Mr. Herring from the time of the September 20, 1922 transaction to the time of his death in June, 1931.)

2. That whatever interest Robert Fleming Herring could or would have had in the 63 acres in question was a gift to Anna Lucille Herring.

3. That at the time of acquisition, September 20, 1922, the 63 acres in question became the separate property of Anna Lucille Herring.

4. That plaintiffs inherited no interest in the 63 acres in question from Robert Fleming Herring, deceased.

"It is the established law in this state that where a case has been tried without a jury and there was ample evidence in the record to support the findings of the trial court, such findings have the same force and effect as a verdict of the jury on the facts found, and a reviewing court must affirm the trial court's judgment in the absence of other substantial error. (Citing authorities.)" Carpenters and Joiners Union, etc. v. Ritter's Cafe, 149 S.W.2d 694 (Galveston, Tex.Civ.App., 1941, ref.). To the same effect see Dixie Distributors v. Lane, 211 S.W.2d 581 (Galveston, Tex.Civ. App., 1948, ref., n. r. e.). See also 58 Tex. Jur.2d 168, § 76, under the heading "Sufficiency; Degree of proof."

Having carefully examined the entire record in this case we have concluded that there is ample evidence in it to support the findings of the court and its judgment based upon such findings.

"The character of property, whether separate or community, is fixed at the very time of acquisition." Colden v. Alexander, 141 Tex. 134, 171 S.W.2d 328, 334 (1943). See also Speer's Law of Marital Rights in Texas, Third Edition, p. 414, Sec. 339.

The status of property "is fixed by the facts of its acquisition at the time thereof." Asberry v. Fields, 242 S.W.2d 241 (Eastland, Tex.Civ.App., 1951, writ ref.).

"In view of the marital relationship, especially in view of the husband's powers of management, control, and disposition of community property, *only slight evidence* is required to support the presumption of a gift from husband to wife, such as is evidenced by deed from him, conveying property to his wife; the taking by him from another of a deed conveying property to her; and the deposit by him of money in her name, each of such acts, without more ado, raises the presumption of a gift and justifies the conclusion that it was the intention of the husband to make the property conveyed and the money deposited the separate property of the wife. (Authorities cited.)" Joy v. Sachs, 91 S.W.2d 415, 417 (Dallas, Tex.Civ.App., 1936, dismissed). (Emphasis ours.)

Mr. Herring, prior to and at the time of the transactions which occurred on September 20, 1922, was endowed by law with the dominion and control over the community property.

Mr. Herring was the named grantee in the deed from Orr conveying the "city lot."

The "city lot" was conveyed by Herring to Bostick. It represented the $1,000.00 portion of the consideration in the deed from Bostick conveying the 63 acre tract.

The same notary acknowledged both deeds.

During the transaction on September 20, 1922, Mr. Herring signed five (5) one-hundred dollar ($100.00) notes as part of the consideration for the 63 acre tract.

■ In our opinion it would be contrary to human experience, in the absence of pleadings and proof of duress or fraud, to hold that Mr. Herring who was present and participated in the September 20, 1922 transaction, to the extent above enumerated, was not a party to the transaction and did not direct that the deed to the sixty-three (63) acres he made to his wife with the intention that it vest in her as her separate property.

■ Appellants contend the court erred in finding such intention on the part of Mr. Herring because the September 20, 1922 deed contained no recitation to the effect the property was purchased with separate funds of his wife or was taken as her separate property. We find no merit in this complaint.

The case of Asberry v. Fields, supra, involved deeds in which similar recitations were omitted. There the court, 242 S.W.2d at page 242, said:

"Where the title is not limited to the sole separate use of the wife, the fact that the deed is taken in her name at the instance of or with the knowledge and consent of the husband, tends to show that he intended the title should vest separately in her and is sufficient to raise an issue on that question. 23 Tex.Jur., pages 159, 161, Secs. 129 and 131, and cases therein cited. (Authorities cited.)"

By their second point the appellants contend the court erred in determining that the sixty-three (63) acres was a gift from Mr. Herring to his wife. This contention is overruled. Tate v. Tate, 299 S.W. 310 (Eastland, Tex.Civ.App., 1927, no writ hist.); Joy v. Sachs, supra.

*"But even where the title is not thus limited to the sole separate use, the fact that the deed is taken in the wife's name at the instance or with the knowledge and consent of the husband tends to show that he intended that the title should vest separately in her and may itself be sufficient to justify a finding that such was the fact."* (Emphasis ours.) 23 Tex.Jur. 159, Husband and Wife, Sec. 129.

"The rule of law applicable to these facts is that the presumption in favor of the community of a title acquired during the existence of marital relations through a deed to either spouse may be rebutted by parol evidence showing that the purchase was made with separate funds of either, and, when the deed is made to the wife, 'it may be shown to be for her benefit, not only from the advance by her of the purchase money, but if the funds be advanced from the separate means of the husband, the presumption of gift arises, and if from the community fund, it may be proven that the husband intended a gift and (declaring such intention) ordered the deed in her name.'" Bray v. Bray, 28 S.W.2d 205 (Galveston, Tex.Civ.App., 1930, no writ hist.).

See also Long v. Knox, 155 Tex. 581, 291 S.W.2d 292 (1956); Hodge v. Ellis, 154 Tex. 341, 277 S.W.2d 900 (1955); and Higgins v. Johnson's Heirs, 20 Tex. 389 (1857).

The appellants' last two points based upon no evidence and insufficient evidence are overruled.

All points of error having been overruled the judgment of the trial court is affirmed.